Kennedy v. Powell.

---

WILLIAM KENNEDY v. ELIZABETH POWELL.

1. WIFE, *Creditor of Husband; Security for Debt.* A wife who is a *bona fide* creditor of the husband is entitled to security or payment out of her husband's estate, the same as any other creditor, and although the husband is in failing circumstances, he may in good faith prefer her to the exclusion of other creditors by transferring real estate or other property to her at a fair price in payment of her debt against him.

2. TRANSFER—*Close Scrutiny—Consideration.* As the relationship existing between the parties afforded opportunity to commit fraud, their ac-

tion in making the transfer should be closely scrutinized to see that it was honest; that the consideration was adequate, and was paid out of her separate estate.

3. ———— *Statute of Limitations.* A *bona fide* indebtedness may be paid by a husband to his wife, although the statute of limitations may have run against it. He is not compelled to resort to this defense, nor can his other creditors interfere and insist upon it for him.

### *Error from Montgomery District Court.*

ACTION by *Kennedy* against *Powell,* to recover a judgment for $2,421.85. On behalf of plaintiff an order of attachment was issued and levied upon certain real estate, as the property of the defendant. *Elizabeth Powell,* the wife of defendant, filed a motion to discharge the attachment aforesaid on the ground that she was the owner in fee thereof, and that defendant *William Powell* had no interest therein at the time of the levy. July 1, 1884, the judge of the district court at chambers heard this motion, sustained the same, and vacated the order of attachment. This ruling *Kennedy* brings here for reversal. The opinion states the material facts.

*W. T. O'Connor,* for plaintiff in error.

*Dunkin & Chandler,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On December 8, 1883, William Kennedy brought an action in the district court of Montgomery county, against William Powell, to recover a judgment for $2,421.85, and on the same day caused an order of attachment to be issued, upon the grounds that the defendant was a non-resident of the state of Kansas, and that he had assigned and conveyed his property with the intent to defraud, hinder and delay his creditors. The order of attachment was levied upon lots 2, 3 and 4 of section 31, township 33, range 17 east, in Montgomery county, Kansas, as the property of the defendant, the title of which stood in the name of Elizabeth Powell. Afterward, Elizabeth Powell filed a motion in the district court to vacate and discharge the attachment levied upon the

above-described land, upon the ground that she was the owner in fee thereof, and that William Powell had no interest in the same at the time of the levy. The hearing of this motion was had before the judge of the district court at chambers, on July 1, 1884. Upon the trial of the motion, it was claimed by Kennedy that Elizabeth Powell was not the *bona fide* owner of the attached land, but that it had been conveyed to her (through a trustee) from her husband at a time when he was insolvent, without consideration, and for the purpose of placing it beyond the reach of, and to defraud, his creditors. Elizabeth Powell contended, and offered testimony tending to show, that the land was conveyed to her in good faith for a sufficient consideration, in payment of a *bona fide* debt due from her husband to her for money which she had received from her father during his lifetime and from his estate after his death, and which had been lent to her husband and used by him in the purchase of land and in paying his debts. The finding of the judge was in favor of Elizabeth Powell, holding the conveyance to be *bona fide* and valid, and he therefore vacated and discharged the order of attachment. A reversal of that order and judgment is sought here by the plaintiff in error.

We think there was testimony sufficient to justify the learned judge in the finding made, and his order and judgment ought not to be disturbed. We shall not undertake, nor would it be profitable, to review at length the testimony offered upon the motion, and we need only state that in our opinion it fairly shows that at the time the land in controversy was conveyed to Elizabeth Powell, William Powell was indebted to her, and the amount of the indebtedness was a fair consideration for the land conveyed.

That she was a *bona fide* creditor for a considerable sum, is not disputed; but it is urged on behalf of the plaintiff in error that the transfer was made when her husband was financially embarrassed and in failing circumstances, and for that reason and in consequence of the relationship existing between them the conveyance should be deemed fraudulent as against his other

creditors. It is true that she was aware of his financial embarrassment, but this of itself is not enough to defeat a conveyance. It has been frequently decided that a debtor in failing circumstances may prefer one creditor to another, providing it is done in good faith and for a valuable consideration. (*Bailey v. Kansas Mfg. Co.*, 32 Kas. 73; *Tootle, Hosea & Co. v. Coldwell*, 30 id. 125; *Randall v. Shaw*, 28 id. 419; *Arn v. Hoerseman*, 26 id. 413; *Bishop v. Jones*, 28 id. 680.)

If the indebtedness of Powell to his wife was a *bona fide* one, as the judge has necessarily found, she is entitled to be

1. Wife, creditor of husband; security for debt; preference.

considered as her husband's creditor, and has a right to expect and receive security or payment out of his estate the same as any other creditor; and he has a right to prefer her to other creditors by transferring real estate or other property at a fair price in payment of her claim against him. As was said in *Monroe v. May*, 9 Kas. 473:

"The right of a debtor to pay one creditor in full before paying another anything, is absolute and unquestioned. It is no wrong to the latter. Mrs. Monroe was, so far as this transaction is concerned, her husband's creditor; would have shared with other creditors in the disposition by an assignee of her husband's property, and could rightfully receive payment in full before any others received a cent."

It is true the relationship existing between the parties to the transaction afforded great opportunity to commit fraud, and

2. Transfer; close scrutiny; consideration.

their action in making the transfer should be closely scrutinized in order to see that it was honest, and that the consideration was paid out of her separate estate, and not made to withdraw the property from the reach of the creditors of her husband. But the conveyance cannot be overturned by the mere suspicion that may arise by reason of the transfer of the husband to the wife when he was in failing circumstances. To support this transfer, however, there should be a fair and adequate consideration. The sufficiency of the consideration is questioned by the plaintiff in error. There is a conflict of testimony regarding the value of the

land transferred. The valuation placed upon it ranges from $2,000 to $3,000. It is appraised in the attachment proceeding at $2,300, which, under all the testimony, may be regarded as a fair price for it. At the time the land was conveyed to Mrs. Powell, there was an incumbrance upon it of $1,300, and for which she became liable.

In respect to the amount of the indebtedness of Powell to his wife, the testimony offered by her tends to show that there was due to her at the time of the conveyance about $1,500. This amount is made up of $120 received from her father, and paid to her husband about 1849, and also of several installments received by her from her father's estate from 1877 until 1882, with interest from the time these amounts were received by her husband. Plaintiff in error contends that the money received in 1849 ought not to be considered as a claim against the husband; first, for the reason that they were residing in Indiana, and that by the law in force in that state the money derived from her father's estate after marriage instantly became the property of her husband, and no demand could arise in favor of the wife and against the husband thereon. An examination of the record, however, fails to show what the law of Indiana in that respect was, and in the absence of testimony we cannot assume that the law of that state differs from ours. (*Furrow v. Chapin*, 13 Kas. 113.)

The second reason urged why this claim should not be treated as an existing indebtedness against the husband, is that it is stale and dormant. This is an objection or defense to be offered, if at all, by the debtor himself.

3. Statute of limitations.

"The mere fact that a claim is old is no reason why it should not be paid. The law allows a man to be honest and to pay an honest debt, however stale and ancient it may be. He may interpose the statute of limitations, but he may waive it also. The law does not compel him to resort to this defense, nor can others insist upon it for him." (*Brookville National Bank v. Kimball*, 76 Ind. 195.)

Our conclusion, after a careful examination of the record

before us, is, that the finding of the learned judge is justified by the testimony, and that his order and judgment should be affirmed.

All the Justices concurring.