Hannah Penn v. John J. Trompen, Sheriff, et al.

Filed June 30, 1904. No. 13,376.

1. **Trial: Pleadings.** Action of the trial court in making up the issues examined, and *held* not prejudicial.

2. **Fraudulent Conveyances.** Transactions between near relatives which have the effect of hindering, delaying and defeating creditors, should be carefully scrutinized.

3. **Instructions** of the trial court examined and approved.

21

ERROR to the district court for Lancaster county:
LINCOLN FROST, JUDGE. *Affirmed.*

*Billingsley & Greene,* for plaintiff in error.

*John S. Bishop* and *A. S. Tibbets, contra.*

OLDHAM, C.

This is an action in replevin for the recovery of a corn
sheller and the undivided half interest in a crop of grow-
ing corn and five horses. The suit was prosecuted by
the plaintiff against John J. Trompen, sheriff of Lancas-
ter county, and Charles Anderson and others, as defend-
ants. Plaintiff claimed a special interest in the property
replevied under two chattel mortgages, one executed by
her son, Harwood Penn, and the other by her daughter-in-
law, Stanza J. Penn. The sheriff claimed possession un-
der an execution issued on a judgment of the county court
against Harwood Penn and others; defendant Anderson
claimed a special property in the five head of horses in con-
troversy on a chattel mortgage executed by Harwood Penn,
prior to the rendition of the judgment and prior to either
of the mortgages executed to plaintiff. The only ques-
tion involved in the controversy between plaintiff and the
sheriff was as to the *bona fides* of plaintiff's mortgages.
The question of the *bona fides* and priority of the mort-
gages of defendant Anderson was clearly and unequivo-
cally established and the court properly directed a verdict
in his favor, finding him entitled to a special property in
the horses for the amount due on his note and mortgage.
As between plaintiff and the sheriff the question of the
good faith of plaintiff's mortgages was. submitted to a
jury; a verdict was rendered in favor of the defendant
sheriff for possession of the corn sheller and the corn, and
plaintiff brings error to this court.

This case was continued for a long time in the district
court for Lancaster county before reaching this tribunal,

and many things are charged in connection with the preparation of the record in the cause below, which we can but hope are to be attributed to over-zeal of certain of counsel engaged in the trial of the cause, rather than to a deliberate attempt to mutilate and falsify the record. Be this as it may, the record first presented to this court was corrected by an additional transcript, made under the supervision of the trial judges before whom the proceedings were had, and, of course, on this record alone, the cause must be determined. It would serve no good purpose to even discuss the contentions with reference to the manner in which the original record was made up. Suffice to say, that it appears clearly from the additional transcript that the cause was originally instituted against the sheriff and Charles Anderson and others as defendants. It also clearly appears that although Anderson was not served with process, he came into court and filed an answer that the case was once tried before one of the judges of the district court for Lancaster county; that Anderson appeared and had judgment directed in his favor in that proceeding for the possession of the five head of horses, and, subsequently, for errors occurring on the trial, this judgment was set aside and the cause was transferred to the docket of another of the judges of the district court, where numerous motions were filed and ruled upon, the judge finally directing the defendants to each defend under the general denial contained in the sheriff's answer, and striking the other pleadings. The cause was then transferred to the docket of the third judge of the district court, before whom the trial was had, which we are now called upon to review. During the progress of the trial it was contended by defendant, that he should be permitted to file a separate answer in his own behalf as he claimed an interest in the five horses, which he could not prove under the sheriff's general denial. The court, thereupon, permitted the defendant Anderson to file a separate denial. This action is alleged against as prejudicial error. We cannot see how plaintiff was in any manner prejudiced

by this order. The case had been long pending with an answer by defendant Anderson alleging his special ownership in this property under his chattel mortgage. This answer was only stricken when the court made the order attempting to consolidate this defense with the sheriff's defense, under his general denial. Before the new answer was permitted to be filed, the trial judge called in his associate, who had made the order consolidating the two answers, and with his consent and concurrence permitted defendant Anderson to file his separate answer. The only party that could have been prejudiced by this answer was the defendant sheriff and he makes no complaint. Under the issues as found by the jury, if this separate answer had not been allowed, the verdict would have been for the sheriff for the entire amount for all the property on which he had levied his execution, and this included the five horses awarded to defendant Anderson.

Numerous errors are charged against the action of the trial court in the admission and exclusion of testimony. The record in the case is very voluminous and the proceeding was conducted evidently with much hostile feeling between counsel representing the litigants. The court, however, appears to have used commendable discretion in his rulings on evidence either admitted or excluded. While he permitted a liberal range of investigation into all the transactions between the plaintiff and her son and daughter-in-law, which led up to the execution of the mortgages on which she relied, in this, we think, he but followed the well approved rule that transactions between near relatives, which have the effect of hindering, delaying or defeating creditors should be carefully scrutinized.

The instructions given by the trial court are generally attacked by plaintiff's counsel, without pointing out any special defect in any of them or any particular paragraph which announced a vicious principle concerning fraudulent transfers. We have examined the instructions and they seem to have been prepared with great care and precision by the learned trial judge and to have submitted the

sole question of fact on which the controversy depended, that is, the consideration and good faith of plaintiff's mortgages, in a manner as favorable to plaintiff as the law permits. Finding no reversible error in the record, we recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.