Argued July 11, decided July 18, 1911.

## EVERSON *v.* WOOD.

[117 Pac. 299.]

Fraudulent Conveyances — Transactions Between Husband and Wife—Partnership.

While transactions between husband and wife will be more closely scruitinized than if made between others, the mere fact of such relationship will not of itself authorize the court to declare fraudulent an arrangement, whereby the wife furnished money to carry on a contracting business in which her husband had theretofore failed, and hired him by the month to assist in the business, and hence will not be liable to his creditors, unless she in fact carried on his business in her name for his benefit.

From Multnomah: John B. Cleland, Judge.

Statement by Mr. Justice McBride.

This is a creditor's suit brought by Fred L. Everson, trustee of the estate of H. E. Wood, bankrupt, against Glenn Wood; H. E. Wood, and the Security Savings & Trust Company, a corporation, to subject the property alleged to be fraudulently held by respondent, Mrs. Glenn Wood, to the payment of her insolvent husband's debts. The facts are as follows:

During 1905 and 1906, respondent H. E. Wood and A. J. Authors were partners in the general building and contracting business, under the firm name of Authors & Wood. In the spring of 1906, dissensions arose between them, and the partnership was dissolved, but no accounting was had between the partners; each claiming that the other was indebted to him. In July, 1906, H. E. Wood entered into a partnership with his brother, Audrey Wood, but the firm was not successful, and the partnership was dissolved in October of the same year. H. E. Wood was married to respondent Glenn Wood in September, 1906. At this time he was in debt to other parties besides Authors, whose claim was yet in dispute and unliquidated; and his wife was the owner in her own right of real property of the value of $2,400, and had $600 in cash. Shortly after this, Mrs. Wood began the con-

tracting business, under the firm name of H. E. Wood & Co. She furnished the money and credit needed to start the business, and assisted to some extent in the details and in the work of preparing estimates on bids, and collected money due the firm, and Wood attended to the mechanical details and superintended the work.

The evidence tends to show that after the marriage Wood proposed to quit the contracting business and go to work as a laborer, in order to support his wife, but that she objected, and proposed that she would go into the contracting business herself, and risk her own means in the venture, paying her husband $65 per month to work for her. It is shown that Wood is a very capable mechanic, but that, owing to lack of business ability and education, he has never been able to conduct the contracting business successfully. The evidence also shows that the new arrangement was more successful, and that up to the commencement of this suit at least $1,000 profits had been made.

In 1908, two years after this arrangement between H. E. Wood and his wife had been entered into, Authors brought a suit against Wood and secured a decree against him for $1,063.88. Wood became a voluntary bankrupt, and upon his examination before the referee in bankruptcy an order was made appointing plaintiff trustee of the estate and ordering him to bring this suit. Upon trial in the circuit court, there was a decree in favor of defendants. Plaintiff appeals.    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Everson & Pierce* and *Messrs. Hale & McConnell,* with oral arguments by *Mr. F. L. Everson* and *Mr. W. G. Hale.*

For respondent there was a brief over the names of *Mr. Beemer S. Pague* and *Mr. Walter P. LaRoche,* with an oral argument by *Mr. Pague.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

The foregoing statement contains the material facts as we find them. To attempt to give the testimony, or even a synopsis of it, in detail would needlessly consume time and space. We are of the opinion that the court below found correctly that Mrs. Glenn Wood was not a party to any fraud against H. E. Wood's creditors. There is no claim here that her doing business under the name of H. E. Wood & Co. misled any creditor into dealing with H. E. Wood personally, or extending credit to him in the belief that he was a member of the firm. In fact, there is no suggestion that Wood has ever contracted any debt since the arrangement between his wife and himself was entered into. Unless she was carrying on his business in her firm name for his benefit, she cannot be held to account to his creditors, and this fact is not shown by the evidence.

While transactions of this character, between husband and wife, will be more closely scrutinized than if they were between persons not related, yet the mere fact of such relationship is not of itself sufficient to justify the court in declaring them fraudulent. H. E. Wood had mechanical skill, but lacked education and business ability and money. Mrs. Wood had money, property, education, and business capacity. Wood's ventures before this arrangement had always resulted in failure. When his wife put her property and brains into the business, it was a success. Here is the "proof of the pudding." The woman had foresight enough to see that, by using her brains and thrift and employing her husband's mechanical skill and industry, she could make a success of the business, and now that she has done so, in a small way, we are not inclined to turn the fruits of her enterprise over to her husband's creditors. She has not employed her husband's skill and industry without recompense to enrich herself, but has paid him, or contracted to pay him, $65

a month for his services, which is probably more than he ever earned in his life when contracting on his own account. We believe the testimony of Mrs. Glenn Wood to be true, and so accepting it conclude that the findings of the circuit court are correct. The decree is affirmed.

AFFIRMED.