## POTTS v. RUBESAM.

No. 5306. Opinion Filed November 23, 1915.

Rehearing Denied December 14, 1915.

Second Petition for Rehearing Denied January 11, 1916.

(156 Pac. 356.)

1. **APPEAL AND ERROR—Review—Presumptions.** Where the plaintiff brings an action and, upon the trial thereof, loses as to a portion of the relief sought, and, within the statutory time, files a motion for a new trial, and, after the expiration of the statutory time, files a supplemental motion for a new trial, and thereafter the court, on consideration of said motions, sustains them and grants the plaintiff a new trial, and later the case is again tried, resulting in a judgment for the plaintiff for the relief sought, and the losing party appeals to this court and seeks a reversal on the ground that the trial court was without authority to entertain said supplemental motion, because the same was not an amendment of the original motion and was filed after the expiration of the statutory time, but does not complain of the sustaining of said original motion, **held,** that the presumption is that the trial court set aside said original judgment on the motion that it had a right to consider.

2. **FRAUDULENT CONVEYANCES—Relation of Parties—Husband and Wife.** The fact that the parties to a conveyance of real estate are husband and wife does not, of itself, establish fraud in the transfer, as against a creditor of the husband, but their relation may properly be considered in connection with other evidence,

facts, and circumstances tending to impeach the transaction. Such transactions should be closely scrutinized.

3.   **SAME—Remedies of Creditor—Evidence.** Evidence examined, and **held** to fully sustain the judgment of the trial court.

(Syllabus by Dudley, C.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by Frank Rubesam against J. W. Potts and others. Judgment for plaintiff, and defendant Alice L. Potts brings error. Affirmed.

*Milton Brown* and *Tibbetts & Green,* for plaintiff in error.

*Arthur R. Swank,* for defendant in error.

Opinion by DUDLEY, C.   On February 6, 1912, the defendant in error Frank Rubesam, plaintiff below, commenced this action in the district court of Logan county against the defendants in error J. W. Potts, Victor Long, Lillian Long, J. Ed. Craddock, John T. Brooks, Sallie Brooks, Thos. J. Stevens, Elizabeth Stevens, and the plaintiff in error, Alice L. Potts, defendants below, to recover the amount claimed to be due upon a promissory note of $400, dated March 21, 1908, signed by the said J. W. Potts, due and payable to plaintiff's order one year thereafter, bearing interest at 10 per cent. from date, and to foreclose a mortgage of $1,375, executed by the said Victor Long and Lillian Long, payable to the said J. W. Potts, covering certain real estate situated in Guthrie, Okla., assigned to the plaintiff as security for the payment of said $400 note, to cancel a release of said mortgage by the said J. W. Potts, and set aside a deed made by him to his wife, the said Alice L. Potts, covering said real estate. The parties will be hereinafter referred to as they were in the trial court.

The issues were joined, and on July 21, 1912, the case was tried to the court, without a jury, resulting in a judgment for the plaintiff, against the defendant J. W. Potts, for the amount due upon said $400 note, but denying the foreclosure of said $1,375 mortgage, for the reason that the same was not due at the time of the commencement of said action. The following day, plaintiff filed a motion for a new trial, and the hearing upon said motion was continued. Later, on October 2, 1912, plaintiff filed a supplemental motion for a new trial, and thereafter, on January 7, 1913, plaintiff's original and supplemental motions for a new trial were considered by the court and sustained, the judgment of June 21, 1912, set aside, and a new trial granted the plaintiff. On March 26, 1913, said cause was again tried to the court, without a jury, resulting in a judgment in favor of the plaintiff and against the defendant J. W. Potts for the amount due upon said real estate, ordering the same sold, as required by law, in satisfaction of said indebtedness, and canceling the release of said mortgage by the defendant J. W. Potts. From this judgment, the defendant Alice L. Potts has appealed, making the plaintiff and the other defendants defendants in error here.

The record discloses that on September 24, 1907, the defendants Victor Long and Lillian Long executed and delivered to the defendant J. W. Potts their note of $1,375, due and payable to his order five years thereafter. On the same day and as a part of the same transaction, they executed a mortgage to said J. W. Potts to secure the payment of said note, covering lots 3 to 5 in block 63 of the city of Guthrie, Okla. This mortgage was duly filed for record. On March 21, 1908, Potts borrowed $400 from the plaintiff, and executed to him the note

sued on, and turned over said note and mortgage of $1,-375 as security.   The following indorsement appears upon said note of $400:

"March 21, 1908, to secure the payment of this note, I hereby assign, as collateral security, a certain note for $1,375 and mortgage hereto attached, executed September 24, 1907, by Victor Long and Lillian Long, covering lots 3 to 5 in block 63, Guthrie."

On November 23, 1908, Long and wife conveyed said property to the defendant John T. Brooks, who, on April 5, 1909, conveyed the same to the defendant Thomas J. Stevens.   Following this· and on August 10, 1911, the said Thomas J. Stevens and his wife conveyed said property to the defendant J. W. Potts free and clear of all liens, except said mortgage of $1,375, and other liens not necessary to mention.   Following this and on September 12, 1911, J. W. Potts, without the knowledge, consent, or approval of the plaintiff, released, on the margin, said $1,375 mortgage.   He, however, at that time, had not paid said $400 note, and the original note and mortgage of $1,375 were in the possession of the plaintiff, as collateral security.   Following this and on October 6, 1911, J. W. Potts, for an express consideration of $1,000; conveyed said real estate to his wife, the said Alice L. Potts, free and clear of all liens.   This deed was immediately placed on record, and under it she claims to be the *bona fide* purchaser of said property.

It is first insisted that the plaintiff ·had no right to file the supplemental motion for a new trial of October 2, 1912, and that the court had no power to entertain and consider the same, for the reason that said motion was not filed within the statutory time for filing motions for a new trial.   A motion for a new trial, except for newly

discovered evidence, must be filed within the statutory period of three days unless unavoidably prevented. Section 5035, Rev. Laws 1910; section 5827, Comp. Laws 1909. The original motion for a new trial was filed within the statutory time. Before this motion was acted upon, the supplemental motion for a new trial was filed, and both motions were heard and considered together, and sustained. A motion for a new trial may be amended after the statutory time for filing the same, by a clearer, more appropriate statement or elaboration of the grounds contained therein; but such an amendement, filed after the statutory time has expired, cannot set up new and independent grounds therefor. *Rice et al. v. Folsom*, 32 Okla. 496, 122 Pac. 236; *Rogers et al. v. Quabner et al.*, 41 Okla. 107, 137 Pac. 361. In view of the fact that the trial court sustained the original motion for a new trial, and no complaint is made here of its action in so doing, it is not necessary for us to determine whether or not the supplemental motion was in the nature of an amendment or an elaboration of the original motion for a new trial, because, if we reached the conclusion that it was not, the action of the trial court in sustaining the original motion and setting aside the original judgment would not be disturbed, for the presumption is that the trial court, in setting aside said judgment, considered the motion that it had a right to consider.

It is also contended that this action was prematurely brought as to plaintiff's right to foreclose said $1,375 mortgage, for the reason that the note securing said mortgage had not matured when this action was commenced. This, in effect, was the holding of the trial court in the original judgment, and the question of the foreclosure of said mortgage was reserved in the judg-

ment; but this judgment was vacated, and upon the final trial, the trial court reached the conclusion that said mortgage had matured. If we had under consideration the original judgment, the general rule with reference to actions prematurely brought might be invoked, but such is not the case here, and there is no merit in this contention.

It is next insisted that Mrs. Potts is a *bona fide* purchaser of the property in controversy, and that there is no evidence reasonably tending to show that she knew or had any knowledge of the fact that her husband had assigned said $1,375. note and mortgage to the plaintiff, as security for said $400 note, and the fact with reference to his releasing said mortgage shortly prior to the time he conveyed said premises to her. In her answer, she pleads that she purchased this property in good faith, for value, without notice. Neither she nor her husband testified upon the trial of this case, and in fact they were not present at the trial. The court, upon consideration of all the evidence, facts, and circumstances in connection with the release of said mortgage and the transfer of said property, reached the conclusion that Mrs. Potts was not a purchaser of said premises for value, without notice of the rights of the plaintiff. This action is in the nature of an equitable one, and, being such, this court may review and weigh the evidence. *Schock v. Fish,* 45 Okla. 121, 144 Pac. 584; *Wimberly v. Winstock et al.,* 46 Okla. 645, 149 Pac. 238; *Tucker v. Thraves,* 50 Okla. 691, 151 Pac. 598. With this rule in view, we have carefully examined the entire record, and on consideration of the same and the facts and circumstances in connection with the transaction, we are of the opinion that the judgment

of the trial court is eminently correct, and should not be disturbed.

The action of J. W. Potts in releasing this mortgage was a rank fraud upon the plaintiff. In doing so, he attempted to deprive the plaintiff of his security, and in transferring the property to his wife, he intended to put the same beyond plaintiff's reach. His conduct merits severe criticism. He was attempting to defraud one who had favored him. The transfer to his wife was in furtherance of this scheme, and we have no doubt but that she knew all about the transaction. A mere recitation of the facts, considering the relation of the parties, irresistibly leads one to this conclusion. He and his wife knew what consideration, if any, she paid for this property. Neither of them saw fit to advise the court on this subject. When the fraudulent conduct of her husband was shown, she should have explained the transaction upon her part, and her failure to do so created an unfavorable presumption of fact against her. In the case of *Dawson v. Waltemeyer,* 91 Md. 328, 46 Atl. 994, discussing this question, it is said:

"When fraud is proven and suspicious circumstances are shown which implicate a grantee, and those circumstances are peculiarly within his knowledge, an unfavorable presumption of fact is raised if he fails to offer some affirmative proof that his part in the transaction is an honest one. If he has acted honestly he should not permit his conduct to wear a doubtful aspect, when, by making a statement, he can clear up the whole matter."

In reaching the conclusion that the transaction between Potts and his wife is not a *bona fide* one, we have taken into consideration their relation to each other. Doubtless the trial court did likewise. The fact that

the parties to a conveyance are related to each other, either by blood or marriage, does not, of itself, establish fraud in the transfer, but the fact of relationship may properly be considered in connection with other evidence tending to impeach the transaction. Such transactions should be very closely scrutinized. *Wimberly v. Winstock et al., supra;* 20 Cyc. 601, subdivision 2, and cases cited; American Digest, Decennial Edition, vol. 9, title, "Fraudulent Conveyances," section 101; American Digest, Century Edition, vol. 24, title, "Fraudulent Conveyances," sections 329, 331, and 337, and cases cited; *Kennedy v. Powell,* 34 Kan. 22, 7 Pac. 606; *Whitson v. Griffis, Sheriff,* 39 Kan. 211, 17 Pac. 801, 7 Am. St. Rep. 546; *Schroeder v. Walsh et al.,* 120 Ill. 403, 11 N. E. 70; *Everson v. Wood et al.,* 59 Or. 285, 117 Pac. 299; *Missinskie v. McMurdo,* 107 Wis. 578, 83 N. W. 758; *Goodale v. Wheeler et al.,* 41 Or. 190, 68 Pac. 753; *Cadiere v. Gaidry,* 42 La. Ann. 169, 7 South. 232; *Penn v. Trompen, Sheriff, et al.,* 72 Neb. 273, 100 N. W. 312; *Blair State Bank v. Bunn et al.,* 61 Neb. 464, 85 N. W. 527; *McKey v. Emanuel et al.,* 263 Ill. 276, 104 N. E. 1051.

There was no formal assignment of this mortgage to the plaintiff, and the record did not disclose that he had any interest therein. The transfer, however, as between Potts and the plaintiff, was valid and was binding upon Mrs. Potts, if she had actual notice of it. Section 1195, Comp. Laws 1909. We are satisfied that she was not a purchaser of this property in good faith, without notice of the rights of the plaintiff. This being true, she takes the property burdened with this lien.

It is insisted, however, that in view of the fact that the trial court did not set aside the deed from Potts to

his wife, it must necessarily have reached the conclusion that the transaction was a *bona fide* one. Not so. The trial court simply held that she purchased this property with notice of the rights of the plaintiff therein, and that his mortgage lien should be foreclosed, as against her.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.