## TOONE v. WALKER et al.

No. 16142—Opinion Filed Jan. 12, 1926.

**1. Fraudulent Conveyances—Sales Between Husband and Wife.**

The fact that the parties to a conveyance of personal property are husband and wife does not, of itself, establish fraud in the transfer, as against a creditor of the husband, but their relation may properly be considered in connection with other evidence, facts and circumstances tending to impeach the transaction. Such transactions should be closely scrutinized.

**2. Same — Evidence of Fraud — Circumstances and Presumptions.**

In cases where fraud is alleged, it is often impossible to prove actual fraud and collusion between the parties, when attacked by third persons, by direct and positive evidence; and the attacking party is often compelled, through the inherent necessities of the situation, to rely upon presumptive evidence, growing out of indicia and badges of fraud, developed by the circumstances attending the transaction; and therefore the range of inquiry in such cases must necessarily be very extensive, and bring within its scope all the circumstances bearing upon the question.

**3. Same—Badges of Fraud.**

Badges of fraud are suspicious circumstances that overhang a transaction, or appear on the face of the papers. The possible indicia of fraud are so numerous that no court could pretend to anticipate and catalogue them. A single one may stamp the transaction as fraudulent, and, when several are found in combination, strong and clear evidence on the part of the upholder of the transaction will be required to repel the conclusion of fraud.

**4. Equity—Fraud—Definition of Fraud and Proof.**

Fraud is a generic term, which embraces all the multifarious means, which human ingenuity can devise and are resorted to by one individual, to get an advantage over another. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling and unfair ways by which another is cheated, and while fraud must be proven at law, in equity it suffices to show facts and circumstances from which it may be presumed.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Muskogee County; E. A. Summers, Judge.

Action by G. C. Toone against George Walker, W. V. Pugh, and Bill Cain to replevin one Ford roadster. Judgment for defendant George Walker, and plaintiff brings error. Affirmed.

Eck E. Brook, for plaintiff in error.

Linebaugh, Pinson & Fite, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the city court of Muskogee, Okla., by G. C. Toone, plaintiff in error, as plaintiff below, against George Walker, defendant in error, W. V. Pugh, and Bill Cain, defendants below, to replevin one Ford roadster of the value of $150. The case was dismissed as to W. V. Pugh and Bill Cain. The parties will be referred to as plaintiff and defendants, as they appeared in the lower court.

Judgment was rendered in the city court in favor of the defendant George Walker, from which judgment the plaintiff appealed to the district court of Muskogee county, Okla., and upon trial in said court the jury rendered its verdict in favor of the defendant George Walker by a majority verdict, which was received by agreement of the parties. Motion for a new trial was filed, heard, and overruled, and exception reserved by the plaintiff, and the cause comes regularly upon appeal by the plaintiff for review by this court.

The attorney for plaintiff sets up four

assignments of error, but argues the same under one proposition, that there was no testimony showing that plaintiff was guilty of any fraud in the purchase of the Ford roadster from Mrs. Mary Singleton, who afterwards became his wi.e, and to whom he was engaged at the time of the transaction, and that the verdict of the jury was not supported by the testimony. We have examined the record very carefully, and we find from the testimony of plaintiff, himself, that he was engaged to marry Mrs. Mary Singleton, and that sometime in the latter part of February he purchased the Ford roadster from his financee, valued by himself in this action at $150, claiming to have paid the sum of $100 in; the following manner: $30 in cash and $70 by check on a bank at Checotah, Okla., but could not produce the check when called upon; that he married Mrs. Mary Singleton on the 2nd day of March, 1924, and on the 31st day of March, 1924, he took a bill of sale for the car in controversy, which bill of sale was signed by Mary E. Toone; that at the time of said transaction, Mary E. Singleton was indebted to one Mr. Fitzgerald on a promissory note; that a judgment had been obtained against her on the indebtedness to Mr. Fitzgerald; that the transaction of the sale and purchase of the roadster by him was a bona fide transaction. He denied that the question of the indebtedness of Mary E. Singleton to Mr. Fitzgerald was ever talked over in his presence or that a demand had been made in his presence of Mrs. Singleton for payment of the same.

The testimony of the defendant is that the car was levied upon and sold to him for the payment of the judgment; that the testimony of the plaintiff, G. C. Toone, was contradicted by disinterested witnessess as to his being present at the time a demand was made upon his wife for the payment of the indebtedness during the month of March, 1924, just preceding the taking of the bill of sale heretofore referred to; that the plaintiff had served a term in the penitentiary for the larceny of automobile accessories; that he told Otto Bales, a deputy sheriff of Muskogee county, at the time the execution was levied upon the Ford roadster, that he had bought the car on the 31st day of March, 1924. Under this testimony, the jury returned its verdict in favor of the defendant, and it now becomes a question of law as to whether there was sufficient evidence to justify this verdict. The attorney for plaintiff cites several cases, which correctly hold that where there is no evidence reasonably tending to establish a material issue submitted to the jury, the verdict will be set aside, and he strenuously contends that there was no fraud shown in the transaction, and cites several authorities, which correctly announce the rule that fraud is a fact that must be proven and cannot be inferred from facts which may be consistent with an honest purpose, but, in this case, we find that the facts upon which the verdict of the jury might be rightfully based are that there was a confidential relation existing between Mary Singleton and the plaintiff by virtue of their contract to marry, which was afterwards consummated on the 2nd day of March, 1924, at the time the roadster was purchased at less than its value, and that the bill of sale, the written evidence of the transaction, was not executed until nearly four weeks after their marriage and while they were sustaining the relation of husband and wife, and while it is true that the bare fact that the parties to the transaction are related to each other. either by blood or by marriage, does not, itself, establish fraud in the transaction, yet the fact of relationship may be properly considered in connection with other evidence tending to impeach a transaction. Such transaction should be closely scrutinized. This principle is announced by this court in the case of Potts v. Rubesam. 54 Okla. 408, 156 Pac. 356. To the same effect is the case of Wimberly v. Winstock et al., 46 Okla. 645, 149 Pac. 238, which is followed by this court in the case of Crisp v. Gillespey, 50 Okla. 541, 151 Pac. 196, and Webster v. Clopeck Fish Co., 51 Okla. 702, 152 Pac. 379.

In the case of Crisp v. Gillespey, supra, in the 2nd paragraph of the syllabus, it is said:

"In such cases, it is often impossible to prove actual fraud and collusion between the parties, when attacked by third persons, by direct and positive evidence; and the attacking party is often compelled, through the inherent necessities of the situation, to rely upon presumptive evidence, growing out of indicia and badges of fraud, developed by the circumstances attending the transaction; and therefore the range of inquiry in such cases must necessarily be very extensive, and bring within its scope all the circumstances bearing upon the question."

In the case of Brooks v. Garner, 20 Okla. 236, 94 Pac. 694, this court held where the question of good faith is involved, the party asserting the fraud is driven to the necessity of establishing it by circumstantial evidence, and by proving the acts known in law as badges of fraud, and adopts the defi-

nition given by Wait on Fraudulent Conveyances, sec. 225, that:

"Badges of fraud are suspicious circumstances that overhang a transaction, or appear on the face of the papers. The possible indicia of fraud are so numerous that no court could pretend to anticipate and catalog them. A single one may stamp the transaction as fraudulent, and, when several are found in combination, strong and clear evidence on the part of the upholder of the transaction will be required to repel the conclusion of fraud."

This court, in the case of Armstrong v. Wasson, 93 Okla. 262, 220 Pac. 643, held:

"Fraud is a generic term which embraces all the multifarious means which human ingenuity can devise and are resorted to by one individual to get an advantage over another. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling and unfair ways by which another is cheated, and while fraud must be proved at law, in equity it suffices to show facts and circumstances from which it may be presumed."

Applying the authorities above cited to this transaction, we are forced to conclude from the fact of the relationship of husband and wife, which existed between Mrs. Mary Toone, nee Singleton, coupled with the payment of the sum of $100 for the Ford roadster, which the record shows was worth $150, and that when called upon to produce his check he claims to have given his wife for the roadster, which he testified he had received with the other cancelled checks from the bank, he could not, or did not, produce the same, and that the bill of sale was made over a month after he claimed the transaction was consummated, and after he had full knowledge of the fact of the indebtedness of his wife, and that he was contradicted by disinterested witnesses on material facts at the trial of the case, and from the fact that he had served a term in the penitentiary for larceny, which affected his credibility, we are of the opinion that the jury was thoroughly justified upon these facts in returning its verdict in this case, and the jury being the judge of the facts, we will not, under the circumstances, overturn the verdict.

We are, therefore, of the opinion that the judgment of the trial court should be and it is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 27 C. J. p. 495, § 153; p. 643 § 408; pp. 827, 828, § 775; 12 R. C. L. p. 514; 2 R. C. L. Supp. 1439; 4 R. C. L. Supp. p. 760. (2) 27 C. J. p. 804 § 735. (3) 27 C. J. p. 483 § 133; p. 484 § 133; p. 497 § 156; 12 R. C. L. p. 580. (4) 26 C. J. p. 1059 § 1; 27 C. J. p. 46 § 171; 12 R. C. L. p. 229; 4 R. C. L. Supp. p. 751; 5 R. C. L. Supp. p. 637.