## VACUUM OIL CO. v. QUIGG et al.

No. 17714. Opinion Filed Oct. 4, 1927.

(Syllabus.)

1. **Fraudulent Conveyances—Lack of Valuable Consideration—Invalidity Regardless of Fraudulent Intent.**

Under the first part of section 5271, C. O. S. 1921, any conveyance of real estate made without a fair and valuable consideration is void as against all parties to whom the maker of the conveyance is, at the time, indebted or under any legal liability, irrespective of the question of fraudulent intent.

2. **Same—Action by Creditors to Set Aside Deed—Necessity to Allege and Prove Insolvency of Debtor at Time of Conveyance.**

In an action to set aside a conveyance of real estate, charged to be fraudulent as to creditors, based upon either the latter portion of section 5271, C. O. S. 1921, or section 6020, C. O. S. 1921, it must be both alleged and proved, before the deed will be set aside, that at the time the conveyance was made the debtor was insolvent, and the fact that the insolvency exists at the time suit is brought does not raise the presumption that the debtor was insolvent two years prior to that time when the conveyance was made.

3. **Same—Conveyances Between Husband and Wife—Transactions Scrutinized.**

The fact that the parties to a conveyance of real estate are husband and wife does not. of itself, establish fraud in the transfer, as against a creditor of the husband. Such transaction, however, will be closely scrutinized to see that it is fair and honest and not merely a contrivance resorted to for the purpose of placing the husband's property beyond reach of his creditors, and such relationship may properly be considered in connection with other evidence, facts, and circumstances tending to impeach the transaction.

4. **Same—Mere Badges of Fraud Insufficient to Overthrow Deed.**

In a suit attacking conveyances of lands as fraudulent against creditors, mere badges of fraud, such as fraudulent acts in respect to property other than that involved in the suit and subsequent in time to the conveyances assailed, relationship of the parties, their prior and subsequent association in business, are, in themselves, only circumstances raising inferences of actual fraud, but they are insufficient to overthrow a deed, when negatived by well-established facts and circumstances clearly inconsistent therewith.

5. **Same—Judgment for Defendants Sustained.**

Record examined, and held, the trial court did not err in sustaining the demurrer to plaintiff's evidence and in rendering judgment for the defendants.

Error from District Court, Tulsa County; C. S. Walker, Judge.

Action by the Vacuum Oil Company against Frank E. Quigg et al. Judgment for defendants, and plaintiff appeals. Affirmed.

W. R. Withington, for plaintiff in error.

Kramer & Colley, for defendants in error.

MASON, V. C. J. This action, which was in the nature of a creditor's bill, was brought by the Vacuum Oil Company, a corporation, against Frank E. Quigg, Nellie E. Quigg, S. C. Frost, and the First National Bank of Bixby, Okla., for the purpose of setting aside certain transfers and incumbrances of real estate by the defendants, alleged to have been fraudulent and made without consideration and for the purpose of avoiding payment of indebtedness owing by the defendant Frank E. Quigg to the plaintiff.

The plaintiff alleged that on October 30, 1925, it recovered a judgment against the defendant Frank E. Quigg, for approximately $2,000; that on March 26, 1923, Quigg owned certain described property in the town of Bixby which he transferred on that date to his wife, Nellie M. Quigg; that at the time of said transfer he was indebted to the plaintiff company in the sum of $2,000; that the Quiggs, by warranty deed filed July 10, 1925, conveyed a portion of said property to the defendant S. C. Frost; that on July 8, 1925. Frost executed a mortgage on said property to the First National Bank of Bixby for $1,848. It was further alleged that each of said transactions was made for the purpose of defrauding the creditors of said Frank E. Quigg and that all of the defendants were fully cognizant of such facts.

Issues being joined, a jury was impaneled, and most of the defendants were called as witnesses for the plaintiff. At the conclusion of the plaintiff's evidence, the defendants interposed a demurrer to the evidence, which was sustained by the court, the jury discharged, and judgment rendered in favor of the defendants.

The plaintiff has appealed and, for reversal, relies upon the one assignment that the trial court erred in sustaining. the demurrer to the evidence.

Counsel for plaintiff in error cites Wimberly v. Winstock, 46 Okla. 645, 149 Pac. 238; Crisp v. Gillespey, 50 Okla. 541, 151 Pac. 196; Webster v. Clopeck Fish Co., 51 Okla. 702, 152 Pac. 379; Potts v. Rubesam, 54 Okla. 408, 156 Pac. 356; Toone v. Walker. 115 Okla. 289, 243 Pac. 147; First National Bank of Duncan v. Sparks, 118 Okla. 45, 246 Pac. 638; First National Bank of Barnsdall v. Little, 122 Okla. 37, 250 Pac. 799, which he contends necessitates a reversal of the judgment of the trial court.

We have carefully examined the cases cited, as well as section 5271, C. O. S. 1921, which is discussed and construed in said cases, but we cannot agree with counsel's contention.

Section 5271, supra, provides as follows:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

. . Section 6020, C. O. S. 1921, provides:

"Every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor, and their successors in interest, and against any persons upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor."

In First National Bank of Barnsdall v. Little, we held:

"Under the first part of section 5271, Comp. St. 1921, any conveyance of real estate, made without a fair and valuable consideration, is void as against all parties to whom the maker of the conveyance is indebted or under any legal liability. This is true regardless of whether or not the creditor has reduced his claim to judgment and irrespective of fraudulent intent or insolvency of the maker at the time of conveyance.

"In an action to set. aside a conveyance of real estate, charged to be fraudulent as to creditors, based upon the latter portion of section 5271, Comp. St. 1921, it must be both alleged and proved, before the deed will be set aside, that at the time the conveyance was made the debtor was insolvent."

In sustaining the demurrer to plaintiff's evidence in the instant case, the trial court, in effect, held that the plaintiff had failed to prove either that the conveyances, or any of them, were made without a fair and va- uable consideration, or that they were made in bad faith for the purpose of hindering, delaying, or defrauding creditors. This proof was incumbent upon the plaintiff.

The undisputed evidence is that when the property was originally purchased the consideration was approximately $3,150; that the defendant Mrs. Quigg had some stock in the Pure Oil Company which she sold for $1,500, which was applied as the down payment; that a portion of the remainder was paid by both Mr. and Mrs. Quigg; that Mrs. Quigg received $2,000 insurance upon the death of her son, after which she paid the balance due in the sum of $800, and spent the remaining $1,200 in making improvements on said property; that at the time she paid the final $800 on the mortgage she requested her husband, in whose name the property was being held, to deed it to her because "she wanted something to show for the money she had invested in the property;" that her husband then executed the deed, above mentioned, to Mrs. Quigg. Mrs. Quigg testified that later she sold a portion of the property to the defendant Frost for $2,250. and that he actually paid her that amount, all of which was deposited in the First National Bank of Bixby to her credit, with the exception of a small amount paid the Deming Investment Company to take up a small mortgage; that she had no knowledge of Mr. Quigg's financial condition at the time said property was conveyed to her; that it was not conveyed for the purpose of covering up his assets or defrauding his creditors, and that she had never as much as heard of the Vacuum Oil Company.

Mr. Quigg. as a witness for the plaintiff, testified that at the time he deeded said property to his wife he was indebted to the Vacuum Oil Company to the extent of about $2,000: that he had no further indebtedness at that time, with the possible exception of a very small amount which he might have owed the bank; that he owned considerable personal property, which he enumerated and valued at approximately $7,000. This evidence was supported by that of Mr. Frost and a representative of the defendant First National Bank in so far as their transactions were concerned.

All of these facts being established by the plaintiff and standing unimpeached. we cannot, upon mere conjecture and suspicion,

pronounce them to be false or untrue. To do this, it requires something more real and substantial than mere suspicion of the witnesses' integrity, arising from the relationship of the parties.

It is well settled that a husband may, for a valuable consideration, even though insolvent, convey property to his wife, where there is an adequate consideration paid from the wife's separate estate, or where the consideration is a debt owing by the husband to the wife, and the value of the property is not materially in excess of the debt.

The mere relationship of husband and wife between the parties to a transfer is not sufficient ground for setting aside a conveyance, although the question of the circumstance of such relationship may be considered on the question of fraud. Wimberly v. Winstock et al., 46 Okla. 645, 149 Pac. 238; Potts v. Rubesam, 54 Okla. 408, 156 Pac. 356. Transactions between husband and wife to the prejudice of the husband's creditors will be closely scrutinized to see that they are fair and honest, and not merely contrivances resorted to for the purpose of placing the husband's property beyond the reach of creditors. Where the conveyance is made, even though by an insolvent, for the purpose of discharging an indebtedness incurred in good faith, and the bona fides of the consideration is not attacked, other than by possible inference or a belief that possibly the transaction was colorable, courts will not undertake to defeat the will of such grantor, even though it may have the effect of preventing other creditors from subjecting the property in satisfaction of their indebtedness.

The plaintiff in the instant case failed to prove that the transfer of said property from Frank E. Quigg to his wife was made without a fair and valuable consideration. The case, therefore, does not fall within the provisions of the first part of section 5271, C. O. S. 1921. Furthermore, plaintiff failed to establish the insolvency of Frank E. Quigg at the time of said transfer. Therefore, the last portion of section 5271, supra, or section 6020, C. O. S. 1921, is not applicable, as those sections merely re-announce the common-law doctrine. A conveyance by a debtor under the common-law doctrine was not void, unless made with the intent to hinder, delay, and defraud his creditors, and insolvency of the debtor under such doctrine was a necessary element in proving and establishing the fraudulent intent of the grantor to hinder, delay, and defraud his creditors. In other words, if the debtor retained sufficient property, after making such conveyance, to protect his creditors, they would not be heard to complain of said conveyance, as they could not be damaged thereby. And the fact that insolvency exists at the time suit is brought does not raise the presumption that the debtor was insolvent some time prior thereto when the conveyance was made. Oklahoma National Bank v. Cobb, 52 Okla. 654, 153 Pac. 134; Culp v. Trent, 99 Okla. 112, 226 Pac. 348; State ex rel. Mothersead, Bank Commissioner, v. Mobley, 112 Okla. 152, 241 Pac. 155.

The plaintiff did produce evidence of some suspicious circumstances relative to the transaction between Mr. and Mrs. Quigg. In the law of fraudulent conveyances, however, mere badges of fraud, such as fraudulent acts in respect to property other than that involved in the suit and subsequent in time to the conveyances assailed, relationship of the parties, their prior and subsequent association in business, are in themselves only circumstances raising slight inferences of actual fraud, and insufficient to overthrow a deed, when negatived by well-established facts and circumstances clearly inconsistent therewith.

The plaintiff also failed to prove fraud or notice on the part of either the defendant S. C. Frost or the First National Bank of Bixby, as mortgagee. On the contrary, plaintiff's evidence shows that each conveyance sought to be set aside was executed for a fair consideration, actually paid, without notice of any claim of the plaintiff company, and without any intent to commit any fraud upon the plaintiff, or any other person.

Therefore, we must conclude that the trial court properly sustained the defendants' demurrer to the plaintiff's evidence, and the judgment of the trial court is affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 27 C. J. p. 547 §247; pp. 554, 555, §256-257; 12 R. C. L. p. 478; 2 R. C. L. Supp p. 1432 (2) 27 C. J. pp. 796, 798, §724. (3) 27 C. J. p. 643, §408; 12 R. C. L. p. 489; 2 R. C. L. Supp. p. 1435; 4 R. C. L. Supp. p. 759. (4) 27 C. J. pp. 483, 484, §133; pp. 785, 786, §711; 12 R. C. L. pp. 477, 497. (5) 27 C. J. p. 822, §770; p. 829, §776; p. 830, §777.