**JOHNSTON et al. v. STATE BANK OF COMMERCE.**

No. 17735.    Opinion Filed Nov. 15, 1927.

Rehearing Denied Jan. 17, 1928.

(Syllabus.)

1. **Fraudulent Conveyances—Conveyance of Land—Near Relationship of Parties as Evidence.**

In a suit in equity attacking a conveyance of land as fraudulent against creditors, the fact that the parties to the conveyance are related by blood or marriage does not, of itself, establish fraud in such transfer; but such fact of relationship may be considered in connection with other evidence, tending to impeach the transaction; and in such case, especially if between near relations, who are members of the same household, the transaction will be given much closer scrutiny than if between strangers.

2. **Same—Insolvency of Debtor—Conveyance of All Property Within State.**

Where a debtor conveys all his property within the state of Oklahoma, a creditor is not obliged to search beyond the confines of the state for unincumbered property from which to make his debt.

Error from District Court, Harper County; Arthur G. Sutton, Judge.

Action by the State Bank of Commerce of Gate against P. A. Johnston and wife; W. H. Johnston intervening. Judgment for plaintiff, and defendants and intervener bring error. Affirmed.

See, also, 123 Okla. 127, 252 Pac. 59.

Mauntel & Spellman and D. P. Parker, for plaintiffs in error.

O. C. Wybrant, for defendant in error.

CLARK, J.    Plaintiffs in error were defendants below; defendant in error was plaintiff below. For convenience parties will be referred to as they appear in the trial court.

This action was commenced by the plaintiff against the defendants P. A. Johnston and Mary M. Johnston in the district court of Harper county, Okla., upon a promissory note made and executed by P. A. Johnston in the principal sum of $4,000, and a further action to cancel certain deeds of conveyance to land in Harper county, Okla., executed by defendant P. A. Johnston to Mary M. Johnston, his wife, on August 18, 1922.

The court in its proceedings directed the cause against Mary M. Johnston to be docketed as a separate action. The cause of action as against P. A. Johnston on the note was transferred to Beaver county, Okla., on the 24th day of May, 1924. Judgment was

rendered in favor of plaintiff against P. A. Johnston for the sum of $4,747, and further sustained the attachment as against P. A. Johnston.

An attachment was issued out of the district court of Harper county and the land involved in this action was levied upon as the property of P. A. Johnston.

Plaintiff alleged that said conveyance was made by P. A. Johnston to Mary M. Johnston without a fair and valuable consideration, in bad faith, for the purpose of hindering, delaying, and defrauding creditors of P. A. Johnston, and especially this plaintiff.

It was further alleged that at the time of conveyance P. A. Johnston was insolvent, that he had no other property of any kind or character within the limits of the state of Oklahoma.

On December 19, 1924, W. H. Johnston filed a petition of intervention in which he alleged that he was the owner of the land involved by purchasing the same from Mary M. Johnston and P. A. Johnston on the 15th day of February, 1923, for a valuable consideration. The allegations of W. H. Johnston's petition of intervention were placed in issue by plaintiff.

The defendant Mary M. Johnston filed a general denial. The defendant P. A. Johnston filed a separate answer, admitting the conveyance to Mary M. Johnston and denying other allegations in plaintiff's petition.

Upon the issues thus framed, this cause came on for trial in the district court of Harper county on the 9th day of September, 1925, with a jury sitting in an advisory capacity. The jury returned a verdict in answer to interrogatories in favor of defendant. Thereafter plaintiff secured leave of court to reopen the case and submit additional testimony. The cause came on for additional hearing to the court on the 1st of March, 1926. At the conclusion of the trial the court rendered judgment in favor of plaintiff and against the defendants, canceling the conveyance from P. A. Johnston to Mary M. Johnston and from Mary M. Johnston to W. H. Johnston.

From the action and judgment of the trial court, defendants brought this cause here for review, making three assignments of error:

(1) The trial court erred in overruling the demurrer of intervener W. H. Johnston and of defendant Mary M. Johnston to the evidence of plaintiff.

(2) The trial court erred in basing his judgment on erroneous presumptions of fraud as expressed in his statement from the bench found on pages 209 and 210 of case-made.

(3) The trial court erred in rendering judgment against the defendants and intervener contrary to the verdict and findings of the jury and against the great weight of the testimony, and in overruling motions for a new trial.

The court in the journal entry of judgment (C.-M. 211) found that at the time P. A. Johnston conveyed said described real estate to his wife Mary M. Johnston, the said conveyance was wholly without consideration; that the same was made for the express purpose of hindering, defrauding, and delaying creditors, especially the State Bank of Commerce of Gate, Okla., plaintiff.

The court further found that on or about the 15th day of February, 1923, the defendants P. A. Johnston and Mary M. Johnston executed a deed of conveyance to the intervener, W. H. Johnston, to the lands in controversy and the said deed of conveyance was recorded in the office of the county clerk of Harper county, Okla., on March 6, 1923, and subsequent to the levy in attachment herein. The court further found that the deed of conveyance from P. A. Johnston and wife, Mary M. Johnston, to W. H Johnston was not made in good faith by the parties thereto, but that the same was made for the express purpose of hindering, delaying, and defrauding the creditors of P. A. Johnston, and especially to hinder delay, and defraud this plaintiff, the State Bank of Commerce of Gate, Okla., and that the intervener, W. H. Johnston, has never been and is not now in possession of the lands conveyed to him by the defendants P. A. Johnston and Mary M. Johnston, and that the intervener, W. H. Johnston, is not a purchaser of said lands in good faith for value; that W. H. Johnston received said deed of conveyance from P. A. Johnston and Mary M. Johnston with notice of the fraudulent intent of P. A. Johnston and Mary M. Johnston by said deed of conveyance to hinder, delay, and defraud creditors, and especially this plaintiff.

The court further found that on this date the intervener, W. H. Johnston, is indebted to the defendants Mary M. Johnston and P. A. Johnston upon the purchase price of said lands in the sum of $9,000 and that the same is unpaid and that the attachment lien of this plaintiff upon the lands is prior and superior to the rights and claims of the intervener, W. H. Johnston, thereto.

This being a suit in equity, this court will not disturb the finding of the trial court unless clearly against the weight of the evidence. The note sued on herein was dated January 7, 1922, due April 7, 1922, and the deed by P. A. Johnston to Mary M. Johnston was dated August 18, 1922, after said note became due.

The trial court further found that this deed was made without a fair consideration.

Defendant P. A. Johnston testified as follows:

"I had used some of her money and had been helping the children and my health was' failing, from four years ago, and I am still under the doctor's care, and we decided that she should have something in her own name.

"Q. How much did you owe your wife when you made this deed?

"A. It would be hard to tell. She worked over 30 years accumulating this property and I used $500 of her father's estate about 17 years ago."

He also testified that he never gave his wife a note for the $500, and there was no expressed agreement to repay the same. He testified further that after his children had married he had helped them.

Were the services of the wife sufficient consideration for the deed from P. A. Johnston to Mary M. Johnston? We think not. The wife being a member of the family, her services are supposed to be gratuitously rendered. Was the alleged loan of $500 from Mary M. Johnston to P. A. Johnston sufficient to constitute a consideration for the deed in question against attaching creditors? The evidence disclosed that this $500 was paid to P. A. Johnston 17 years ago. There was no agreement to repay it, no note given, and we are of the opinion that the same was insufficient as a consideration for the deed in question. Carr v. Way (Iowa) 119 N. W. 700.

Section 5271, C. O. S. 1921, provides:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith or for the purpose of hindering, delaying, or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

Under this section, the deed from P. A. Johnston to Mary M. Johnston, being without

consideration, is insufficient to convey said property and place it beyond the reach of the creditors of P. A. Johnston.

We next consider the deed from Mary M. Johnston and P. A. Johnston to W. H. Johnston, a brother of P. A. Johnston. The court found that this deed was not made in good faith and was made for the purpose of defrauding the creditors of P. A. Johnston. The evidence disclosed that W. H. Johnston resided in California. It also disclosed several transactions between W. H. Johnston and P. A. Johnston.

The testimony of W. H. Johnston was taken. He testified that he purchased the land in good faith. His testimony further disclosed that he never saw this land, knew nothing of its value; that immediately after the deeds were executed to him, he gave P. A. Johnston power of attorney to manage and control the same.

There were many facts and circumstances testified to in regard to this transaction and others which we think are sufficient to support the finding of the trial court that said deed was not made in good faith.

The trial court found that the deed from Mary M. Johnston and P. A. Johnston to W. H. Johnston was made for the purpose of delaying and defrauding the creditors of P. A. Johnston. Under this section 5271, C. O. S. 1921, supra, a deed is void as to creditors unless it can be said that the finding and judgment of the trial court was clearly against the weight of the evidence. We have carefully examined the record, and it is our opinion that the judgment and findings of the trial court are not clearly against the weight of the evidence.

In the case of Wimberly v. Winstock, 46 Okla. 645, 149 Pac. 238, this court laid down the following rule, in syllabus, paragraphs Nos. 1 and 2:

"1. In a suit in equity, attacking a conveyance of lands as fraudulent against creditors, the fact that the parties to the conveyance are related by blood or marriage does not, of itself, establish fraud in such transfer; but such fact of relationship may be considered in connection with other evidence, tending to impeach the transaction: and in such case, especially if between near relations. who are members of the same household. the transaction will be given much closer scrutiny than if between strangers."

"2. In such cases, it is often impossible to prove actual fraud and collusion between the parties to the conveyance, when attacked by third persons. by direct and positive evidence: and the attacking party is often compelled, through the inherent necessities of the sit-uation, to rely upon presumptive evidence growing out of indicia and badges of fraud, developed by the circumstances attending the transaction; and therefore, the range of inquiry in such cases must necessarily be very extensive and bring within its scope all the circumstances bearing upon the question."

This rule is applicable to the case at bar. Also see Crisp v. Gillispey, 50 Okla. 541, 151 Pac. 196; Potts v. Rubesam, 54 Okla. 408, 156 Pac. 356; Toone v. Walker, 115 Okla. 289, 243 Pac. 147.

It is contended by plaintiffs in error that the evidence failed to disclose that defendant P. A. Johnston was insolvent. It was admitted that this was all the property that P. A. Johnston owned within the state of Oklahoma.

In the case of Rohrer v. Snyder (Wash.) 69 Pac. 748, the Supreme Court of Washington in the third paragraph of the syllabus said:

"A creditor, before he is permitted to attack a conveyance which he conceives to be fraudulent, is not obliged to search beyond the jurisdiction of the court for unincumbered property out of which to make his debt."

Also see Adam v. Prather (Cal.) 167 Pac. 534; W. J. O'Brien v. Stambach, 101 Iowa, 40.

We therefore hold that plaintiff is not required to enforce his claim against property of defendant not within the state before proceeding against fraudulent grantees of the debtor to subject land situated in the county where the judgment was obtained.

We are of the opinion that the findings and judgment of the trial court are not against the clear weight of the evidence, and that same should be, and are, affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER. HUNT, and HEFNER, JJ., concur.

Note.—See under (1) 27 C. J. p. 495, §153; pp. 641. 642. §407: p. 790. §716: anno. 32 L. R. A. 67; 12 R. C L. pp. 488-490; 2 R. C. L. Supp. p. 1434: 4 R. C. L Supp. p. 760. (2) 27 C. J. p 725. §574.