Argued May 9; affirmed May 23, 1944

CLARK *v.* SHEPHERD et ux.
(149 P. (2d) 172)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY and HAY, Associate Justices.

*W. E. Richardson,* of Portland (Frank E. Manning, of Portland, on the brief), for appellant.

*Ralph Coan,* of Portland (Coan & Rosenberg and Christopherson, Matthews and Long, all of Portland, on the brief), for respondent.

KELLY, J.

To sustain the action of the trial court in rendering a judgment of involuntary nonsuit defendants argue that the complaint does not state facts sufficient to constitute a cause of action and that the testimony is insufficient to justify the submission of the case to the jury. The trial court based its order of nonsuit upon the insufficiency of the testimony.

■ The complaint appears to state a cause of action. *Collier v. Hopper,* 133 Ark. 599, 202 S. W. 687.

As to the automobile in suit, the only testimony to which our attention has been called upon which plaintiff makes the claim that the issue of ownership should have been submitted to the jury discloses four circumstances. First, the execution of an order form signed by defendant, Bernard G. Shepherd, for the purchase for $2531.00 of an automobile upon the purchase price of which another automobile was credited in the sum of $1126.50. This order form is dated March 29, 1938. Second, the fact that successively several automobiles claimed by defendant Mary Shepherd, including the one in suit, were registered in her name, as owner, with the Secretary of State by defendant, Bernard G. Shepherd, and, except the one in suit, were traded in for other models. Third, that at different times defendant, Bernard G. Shepherd, drove these automobiles, in-

cluding the one in suit, while unattended by his wife. Fourth, Mrs. Shepherd has not had a driver's license and does not herself drive an automobile.

Concerning the diamond ring in suit, the testimony, upon which plaintiff bases his contention, that a nonsuit should not have been entered, is to the effect that from 1934 up until November, 1939, defendant Bernard G. Shepherd, was known to have worn the ring and that the ring is one adapted for men rather than women to wear.

We are mindful of the testimony of one of the creditors, that Mr. Shepherd offered her $200 in full settlement of her claim; but there is nothing to show that Mrs. Shepherd authorized or was aware of such offer.

■ The question resolves itself into whether badges of fraud are thus shown requiring the wife to offer affirmative proof of the circumstances under which she acquired the ownership of the property involved herein.

■ We are not unmindful that transactions between husband and wife will be more closely scrutinized than if made between persons not related; but, as stated in an opinion by the late Mr. Justice McBride, the mere existence of the marital relationship between the parties is not sufficient to justify the court in declaring such transactions fraudulent. *Everson v. Wood,* 59 Or. 285, 117 P. 299.

The judgment of the circuit court is affirmed.