The counsel for the plaintiff first moved the court to instruct the jury that the deed was upon its face fraudulent in law because a sale was not to take place for a year after its execution. The court refused to give the instruction, and, instead thereof, told the jury that the delay in the sale was a circumstance to be considered by them in determining whether the deed was made upon an intent to defraud or hinder Lee of any recovery he might make, and that if they found such intent, then the deed was void. *Page 327 
This Court concurs in the opinion given to the jury. An indulgence of a year, upon obtaining a real security for an existing debt, which is necessarily made public by registration, is not so unreasonable as to raise a legal presumption of an intent to hinder a creditor by the security. This is more especially true when the debt (474) arose mostly upon a loan at the time from one intimate friend to another, with a view to relieve all his pressing necessities by discharging every demand ascertained at the time. The inference of an unfair purpose from such forbearance is so very slight that it is scarcely possible that a jury should ever find it, especially as the resulting trust in the land, belonging to the debtor, is subject to execution in our law. But, at all events, the deed cannot for this cause be pronounced void as a matter of law; and it was a proper subject of inquiry for the jury whether the sale was to be in convenient time, under all the circumstances of the parties. Moore v. Collins, 14 N.C. 126.
The counsel for the plaintiff moved his Honor further to instruct the jury that if they believed the deed was made with the intent to defeat the recovery which Lee might effect, then the deed was fraudulent and void, notwithstanding the sum secured therein to Peebles was a true debt. The court gave the instruction as prayed for, but added that the term "defeat" was to be taken in a qualified sense; for if the deed was made to secure a true debt, and another creditor lost his debt merely by reason that the debtor's property was not sufficient to pay both, and was all exhausted in satisfying the preferred creditors, in that case the deed is not deemed fradulent, [fraudulent] because the law allows a debtor to prefer one creditor to another.
This Court approves, also, of this second instruction. The very power of an insolvent debtor to give preference implies that the effect may be that some of the creditors may lose their debts. Therefore, the distinction is that when a deed in favor of one creditor is made for the purpose of defeating another creditor, it is fraudulent; but that it is not so when the loss of the latter is merely a consequence of the preference given to a just debt. Moore v. Collins, supra; Hafner v. Irwin, 23 N.C. 490.
The counsel for the plaintiff asked for a further instruction (475) to the jury, that although a debtor may prefer one of his creditors, yet he must give an honest preference; and that the advantage stipulated for the maker of this deed that he should be indulged for twelve months, rendered it void. The court thereupon informed the jury that it was required that the preference given should be an honest one; but that debtors had a right to obtain indulgence by giving a security on their property, and that if they believed Flannagan's object in making the deed for his land was to obtain indulgence for a true *Page 328 
debt from July, 1839, to August, 1840, or even for a longer time, if the lawsuits then hanging over him should not then be decided, it did not render the deed void; for it was not a stipulation for such a benefit or advantage as the law did not allow him to obtain, and worked no injustice to the plaintiffs in those suits.
This instruction, as prayed, ought to have been refused, for the same reasons on which the first was; for it is in substance but a repetition of it, though not precisely in the same terms. After a preliminary, undeniable proposition, that debtors can only make honest preferences, it asks the court to lay down to the jury, in reference to this case, that the stipulation in the deed that the debtor should be indulged for twelve months made it void, which is just the same as "that the deed was upon its face fraudulent in law, because a sale was not to take place for a year." The court might, therefore, have properly refused the instruction, and if that simply had been done there would have been no necessity for further observations from this Court. But the Superior Court went beyond the refusal of the directions which were asked for the plaintiff, and gave others, and that imposes upon us the duty of considering their correctness. It did not appear, indeed, that there was, as supposed, an agreement for forbearance until the suits of Lee or either of them should be determined; for the only evidence touching that point was the testimony of Flannagan, drawn out by the plaintiff, and (476) that flatly denied any such agreement. For that reason the judgment ought not to be reversed, although the instructions were erroneous, since it was entirely irrelevant to the case before the court, and could not, therefore, prejudice the plaintiff. We do not, however, see that there is any doubt of the opinions given to the jury. But while we say so, we cannot but express a regret that, in the hurry of trials, the court should sometimes go out of the points arising on the proofs or raised by the counsel and lay down abstract propositions; for it not infrequently creates unnecessary difficulties, as it is not always as easy to perceive, as distinctly as here, that the propositions were altogether inapplicable. But to return to the instructions. We must say that we concur in their legal correctness. If the deed had been made or used to enable the debtor to get away from his creditor, or to give a false credit, or to keep off executions, or to secure any advantage to the maker as against his general creditors, it would vitiate it. But it would seem singular that an evil intent should be imputed to an agreement that a creditor should indulge his friend for a just debt by not enforcing a registered security on land, and on nothing else, until some other person should get a judgment against the debtor. Apparently, the preferred creditor could not better observe good faith against another creditor then by saying to their common debtor that, for himself he *Page 329 
would be willing to wait as long as the estate would suffice to pay the debt; but that, nevertheless, he could not agree to do so, longer than fairness and his duty to other creditors might render it proper that he should raise his money and leave the residue of the estate open to the process of others. It was impossible that Lee could suffer any prejudice from this deed until he should get his judgment. If, when he had done that, the deed was set up as an obstruction, so that he could not, immediately or in convenient time, have execution of the debtor's interest in the lands, and the purchaser could not turn the debtor (477) out of the enjoyment of the estate, then there would be cause to complain of the deed. But no such vice attaches to a mortgage of land, or a deed of trust, by which the creditor is at liberty and bound by agreement to proceed to sell enough to pay his debt as soon as another person, by getting a judgment, should have an interest in clearing the debtor's property from prior encumbrances. Indeed, since the act of 1812, as was observed in Davis v. Evans, 27 N.C. 525, it is not easy to see how a mortgage of land for a true debt can be deemed covinous upon the ground of forbearance merely, since a judgment creditor has the direct remedy of selling the equity of redemption, and that is the debtor's whole interest. If the day of forfeiture or day of sale be fixed in the deed so remotely as to show an intent to keep the security on foot, as a hinderance [hindrance] to the purchaser under execution in getting into possession, we will not say that would not affect the conveyance, though, in the case just cited of Davis v. Evans it was held that the purchaser could not be thus withstood, but might recover the possession in ejectment against the mortgagor in possession. But, however that may be, an agreement that there should be a sale under the deed as soon as the interest of a person then suing should require it, by his getting a judgment, is surely no reason for an allegation of fraud in the deed by that creditor; for the stipulation is actually for his benefit, and resulted from an unwillingness of the parties to the deed to cover the property from his execution when he should get a judgment. Here the debtor did not wish to sell his home if he could help it, and he thought he could do so in case he succeeded in the suits with Lee, as he believed he could pay the other demands by his labor. He expected, indeed, that the land must be sold, if Lee recovered. But, as that was uncertain, there was nothing improper in getting the sale deferred until, by the event, it could be seen whether the satisfaction of his debts, including (478) Lee's recovery, made it unavoidable. In the forbearance of a friend to await that result there is nothing immoral or illegal — provided only that there was no intention to defeat the recovery, if one should be made; for a mortgage is not obliged, in law or conscience to coerce immediate payment, but only to do so when it becomes injurious to *Page 330 
another to keep the debt on foot in that form. As already remarked, it would seem that a mortgage of land for a just debt cannot be a fraud upon another creditor, because it cannot obstruct his sale of all that under any circumstances ought to be sold, namely, the debtor's whole interest in the premises. But, however that may be, certainly an agreement between the mortgagee and mortgagor that the former shall raise his money out of the estate whenever another creditor's interest may require it, by his getting a judgment, cannot be injurious to such judgment creditor.
Lastly, the counsel for the plaintiff further prayed the court to instruct the jury that if they were satisfied from the evidence and circumstances that the understanding between Peebles and Flannagan was that Peebles should indulge until the lawsuits then pending should be determined, the omission to set the same out in the deed was a fraudulent concealment which rendered the deed void. The court instructed the jury that it was not necessary to set forth in the deed that understanding, if the jury should believe that in fact it existed.
It was enough to justify the refusal of this instruction that there was no evidence of any such understanding. But we likewise think that the omission supposed would not vitiate the deed, because it could not work any harm to the lessor of the plaintiff, and the operation of the deed, without that clause, is precisely the same as if it had contained it. For the period to which the sale was postponed by the terms of the deed was the first of August, 1840, and that had passed two and a half (479) years before Lee got a judgment; and there appears no reason for supposing that either Flannagan or Peebles expected that the judgment could be got, if at all, before the expiration of the year.
In this Court it has been further objected that this defense was not open to this defendant, because it would not have been to the defendant in the execution upon whom the declaration was first served. But we had occasion in Wise v. Wheeler, 28 N.C. 196, to look into this question, and held that when the tenant in possession makes default, and another is let in, by consent, to defend, upon admission of actual possession in that person, it must be understood that it was the object of those parties to try the title between themselves at once, without the delay or expenses of a new suit. That such was the intention in this case is certain, as the objection was not taken on the trial. For that reason, also, it cannot be sustained here.
PER CURIAM. No error.
Cited: Wiggins v. Reddick, 33 N.C. 381; Hardy v. Simpson, 35 N.C. 141;Gilmer v. Earnhardt, 46 N.C. 560; Jenkins v. Peace, ibid., *Page 331 
416; Jessup v. Johnston, 48 N.C. 339; Cheatham v. Hawkins, 76 N.C. 337;S. c., 80 N.C. 162; Maddrey v. Long, 86 N.C. 385; Savage v. Knight,92 N.C. 498; Helms v. Green, 105 N.C. 259; Barber v. Buffaloe, 111 N.C. 213;Hobbs v. Cashwell, 152 N.C. 191.
(480)