Manly, J.
 

 If a conveyance be made upon several -considerations alike moving the maker, one of which is against law, the whole is void. But, if the consideration be good, and there is attached to the convejmnce several conditions or trusts, separate and independent of each other, some of which are good, and some bad, the deed will be supported as to the good. The difference is, that every part of the deed is induced and affected by the illegal consideration; but when the consideration is not thus tainted, but some of the conditions only are illegal, the illegality of the bad does not contaminate the good, except in some peculiar cases where they are inseparable or dependant. This distinction is taken and supported by a number of cases cited in the note to
 
 Collins
 
 v.
 
 Blantern,
 
 1 Smith’s Leading Cases, 169.
 

 In the assignment to pay debts, the debts secured, form the consideration for the deed. In the case now before us, some of these are admitted to be fabricated and fraudulent. They are inseparably connected together, and as a whole, constituted the consideration which moved the debtor to make the conveyance. The Code declares that every conveyance made with the intent to delay, hinder or defraud creditors, as against such creditors, (and only as against them,) shall be utterly void. Rev. Code, ch.
 
 SO,
 
 sec. 1.
 

 The
 
 intention
 
 of a conveyance is to accomplish the objects that moved the maker to execute it, and if any of these latter be covenous, the
 
 intent
 
 is necessarily so.
 

 The charge of the Judge below cannot, as we think, be sustained. In substance, it was that no matter for the fr'audu
 
 *303
 
 lent purpose of the grantor, if the trustee did not participate in that purpose, and there were honest debts secured by the trust, the deed shduld be upheld. The enactment of the Legislature is that every conveyance made with the intent to delay, hinder or defraud, shall be void. The intent of the
 
 mal&er
 
 is the criterion, and if that intent be bad, the trustee, however innocent, cannot hold as against creditors.
 

 In the case of
 
 Harris
 
 v.
 
 He
 
 Graffenreid, 11 Ired. Rep. 89, it was held that a
 
 bona fide
 
 purchaser for value, from a trustee holding under a fraudulent deed, would get a good title; for there was a legal title in the trustee as against the grantor and others, (not creditors) which was transmissible; and which would be effectually transmitted to one who buys without notice of the fraud and for value. This decision is in accordance with a number of cases, in which it has been held that, although a deed may be void, for fraud, as against creditors, yet, if the assignees were free from participation in the fraud, their acts, done in good faith, would be ratified and protected.
 

 And so it has been held, and we take that to be clear law too, when there is no trust implied, but a debtor conveys directly to his creditor, in payment of a
 
 bona fide
 
 debt,' the conveyance should be upheld, notwithstanding the debtor made it wdth a fraudulent intent. The cases of this class rest upon the ground, that the creditor was not a party to the fraud, but received the conveyance in good faith, in payment of an honest debt; and in conformity to the rules of law, which govern the case of an ordinary vendee, who is without fraud and pays value, the creditor is not affected by the fraud of his vendor.
 

 But the rule which exists as between vendor and vendee, has never been applied, so far as we know, to a case like the one now under consideration. Assignments of this kind, prefering creditors, can only be made by an
 
 insolvent
 
 debtor. They are not favored when preferences are given. The law only tolerates them when honestly made for the purpose of giving the preference, and devoting the property of the debtor to the payment of his debts. If then, there be in the mind of
 
 *304
 
 the debtor a purpose to defraud, or make provision for himself, (which is a fraud) the assignee, who is selected by him to carry out his fraudulent designs, cannot hold as against the creditor. The assignment is void under the provision of the Code referred to, (the stat. 13 Eliz.)
 

 The conclusions here reached, are supported by the cases in our own reports of
 
 Hafner
 
 v.
 
 Irwin,
 
 1 Ire. Rep. 490, and
 
 Flynn
 
 v. Williams, 7 Ire. 32, and the cases in New York of
 
 llatliburn
 
 v.
 
 Plainer,
 
 18 Barbour Rep. 272. The case of
 
 Brannock
 
 v.
 
 Brannock,
 
 10 Ire. 428, does not conflict with the cases of
 
 B.qfner
 
 v.
 
 Irwin
 
 and
 
 Flynn
 
 v.
 
 Williams,
 
 though relied on for that purpose. By referring to the reasoning of the Court, in that case, it will be seen that is made to turn upon the distinction taken by Smith in his leading cases, between bad considerations, that are inseparable from the others, and furnish the bad motive for the deed, and bad considerations that are separable and independent, and inserted without covin or malice. In the former case, the whole is tainted, and the conveyance is void under the statute in toto ; in the latter, the had may be eliminated by the creditors, and the conveyance upheld as to. the good. In the case of
 
 Bran-nook,
 
 the objection to the assignment was the insertion, among the debts secured, of some that were founded upon usurious considerations, not covinously inserted, but as the case supposes
 
 bona fide,
 
 with intent to have them paid. On this state of facts, the deed was upheld for the good debts upon the distinction stated.
 

 The ease now before us, for decision, is between the assignee and the sheriff. The former claims, as trustee, under an assignment, made by the debtor, with an intent to defraud; the latter justifies under a
 
 fi. fia.,
 
 of a judgment creditor. As between these parties, we think the assignment clearly void, notwithstanding the freedom of the trustee from any participation in the fraud,, and notwithstanding, there were some honest creditors secured in the deed..
 

 Per Curiam,
 

 Judgment reversed, and a
 
 venire de novo.