OKLAHOMA NAT. BANK *et al.* v. COBB *et al.*

No. 5781.    Opinion Filed November 16, 1915.

Rehearing Denied December 7, 1915.

(153 Pac. 134.)

1. FRAUDULENT CONVEYANCES—Evidence of Consideration—Admissibility. In an action to subject land to the payment of a judgment obtained by the plaintiff on the ground that the debtor had conveyed it without consideration and in fraud of creditors, evidence is admissible on the issue of fraud and want of consideration to show what the true consideration was.

2. TRUSTS—Express Trust—Establishment by Parol. The provisions of the statute of frauds, or of uses and trusts, against allowing an express trust to be established by parol, do not apply where the trust has been executed, and the object of the evidence is to show the true consideration of the deed by which it was carried out.

3. FRAUDULENT CONVEYANCES — Fraud of Creditors — Insolvency—Proof. In an action to set aside a deed charged to be fraudulent as to creditors, it must be both alleged and proved, before the deed will be set aside, that at the time the conveyance was made the debtor was insolvent, and the fact that the insolvency exists at the time suit is brought does not raise the presumption that the debtor was insolvent some months prior to that time.

4. SAME—Fraudulent Intent of Grantee. In order to set aside a deed as fraudulent as to creditors, which has been made to pay an honest debt, the grantee must know of and participate in the fraudulent intent.

(Syllabus by Devereux, C.)

*Error from District Court, Muskogee County;*
*R. P. de Graffenried, Judge.*

Action by the Oklahoma National Bank, a corporation, and another, against H. C. Cobb and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

This was an action instituted by the plaintiffs in error to subject certain land in the city of Muskogee to the pay-

ment of judgments they had obtained against H. C. Cobb, the one on November 1, 1912, and the other on November 13, 1912. The notes of H. C. Cobb, on which the judgments were obtained, were dated, the one on January 14, 1912, and the other on June 14, 1912, and were both for money loaned on the days the notes bear date. The defendants in error Lillie M. Dodson and M. B. McCaffrey are the sisters of H. C. Cobb, and are some of the heirs of J. O. Cobb, who was their father. After setting out the giving of the notes, that judgment had been obtained on them, and that in December, 1912, executions were issued on these judgments, which were returned unsatisfied, the petition alleges that on August 1, 1912, H. C. Cobb conveyed to M. B. McCaffrey, a sister of the grantor, all of lot 5 and 4 feet of lot 6, block 1, in the city of Muskogee, deed to which was recorded on August 27, 1912, and that this conveyance was made without consideration, and with the intent to hinder, delay, and defraud the plaintiffs, and each of them, in the collection of their several claims, and that this land was received by the defendants McCaffrey and Dodson with full knowledge of such intent, and with the intent to assist H. C. Cobb in the unlawful purpose. Other land was set out in the petition as having been conveyed to Mrs. Dodson with like intent, but the land above set out is all that is embraced in this appeal. The court below made the following finding of fact:

"That the improvements on and possessory right to the property described in said petition as all of lot 5 and the south 4 feet of lot 6 in block No. 1 in the city of Muskogee, was owned and occupied by John O. Cobb, deceased, several years prior to his death, which occurred in December, 1902, and that John O. Cobb was the father of H. C. Cobb, whose name is Henry C. Cobb, Lillie M. Dodson,

and M. B. McCaffrey; that at the oral instance and on the request of John O. Cobb, during his lifetime, said property was by the Muskogee Townsite Commission scheduled to Henry C. Cobb, and patent was issued to the said Henry C. Cobb, conveying said property in fee simple to the said Henry C. Cobb; that John O. Cobb had said property scheduled to Henry C. Cobb for the use and benefit of the said Henry C. Cobb and the four sisters of Henry C. Cobb, including Lillie M. Dodson and M. B. McCaffrey, defendants herein; that John O. Cobb had said lots scheduled to said heirs, so that they could take same at his death; as same had been acquired before his marriage to his second wife, then living, the said John O. Cobb felt that this property should go to his children, and his said wife took her dower from other property owned by John O. Cobb, and that she is now dead; that, after the death of John O. Cobb, Henry C. Cobb was appointed administrator of his estate, and in the administration of said estate did not include said property described as lot 5 and the south 4 feet of lot 6 in block 1 in the city of Muskogee, but recognized said property as belonging to the estate of John O. Cobb, deceased; that no settlement was made by Henry C. Cobb with the heirs of John O. Cobb as to said property, lot 5 and the south 4 feet of lot 6 prior to August 1, 1912, at which time he conveyed by warranty deed to M. B. McCaffrey, one of the defendants herein, all of lot No. 5 and the south 4 feet of lot 6 in block No. 1, in the city of Muskogee, in settlement and in satisfaction of the claim which the said M. B. McCaffrey had and held against the said Henry C. Cobb for the balance due her from the estate of John O. Cobb, deceased, and that by said conveyance one-fifth was in execution of the trust reposed in him by his father, that one-fifth which Henry C. Cobb owned, was in settlement of the claim of Mrs. McCaffrey against him, and that she took the other three-fifths in trust for her three sisters, recognizing at the time that his sisters owned an equitable interest in said property; that in administering said estate Henry C. Cobb,

as administrator, charged himself and disposed of only such portions of the estate of John O. Cobb where the title of the real property appeared in John O. Cobb and such personal property as belonged to the said John O. Cobb at his death; that the consideration from the said M. B. McCaffrey to the said H. C. Cobb for said conveyance was a valuable and sufficient consideration, and said conveyance was accepted."

It was admitted that the executions issued on the judgments in favor of the plaintiffs had been returned unsatisfied. There was no allegation in the petition that Henry C. Cobb was insolvent. The plaintiffs offered to show that at the time the notes were made the officers of the banks investigated the financial condition of Henry C. Cobb, and they ascertained that the record showed that he owned a great deal of real property in Muskogee county, and they particularly knew of such ownership of lot 1 and the south 4 feet of lot 6, block 1, in Muskogee, and that the credit was extended because of the ownership by the defendant of this property, and that the legal fee was shown by the records to be in H. C. Cobb without any beneficial interest therein in any other person. This offer was objected to by the defendants in error, and the objection was sustained by the court, and exceptions duly saved. There was a judgment for the defendants, and the plaintiffs bring the case to this court by petition in error and case-made.

*Brainerd & Davis, B. E. Nussbaum,* and *Leopold & Cochran,* for plaintiffs in error.

*Thomas H. Owen, Joseph C. Stone,* and *Summer J. Lipscomb,* for defendants in error.

DEVEREUX, C. (after stating the facts as above). The plaintiffs in error urge that the trial court committed

error in admitting parol evidence that John O. Cobb had the patent to this land issued in the name of Henry C. Cobb to hold in trust for himself and the other children of John O. Cobb by a previous marriage, on the ground that parol evidence is not admissible to prove an express trust. But the trust in this case was fully executed when Henry C. Cobb, the trustee, executed and delivered the deed to his sisters (*Logan v. Brown*, 20 Okla. 334, 95 Pac. 441, 20 L. R. A. [N. S.] 298), and the evidence was clearly competent to rebut the allegation of fraud. The cause of action set out in the plaintiffs' petition on which they sought to subject this land to the payment of their judgments, was that Henry C. Cobb conveyed it to Mrs. McCaffrey without consideration and with intent to hinder and delay the plaintiffs in the collection of their claims, and that the land was received by Mrs. McCaffrey with full knowledge of such intent and to assist Henry C. Cobb in his unlawful purpose. To meet this issue, it was competent for the defendants to show what the true consideration of the deed was. In 2 Moore on Fraudulent Conveyances, p. 904, it is said:

"The recitals in a deed are not evidence as to third parties, and when a fact put at issue by the pleadings is particularly within the knowledge of the defendant, such as the consideration of a conveyance or transfer made by him, the burden of proof is on him to show the fact."

And see Bump on Fraudulent Conveyances, sec. 66; Wait on Fraudulent Conveyances, secs. 219 and 221, where it is said that there is a manifest tendency in the courts to admit parol evidence of the true consideration of a deed in almost any case. In *Runyon v. Lear*, 20 N. C. 373, it is held that matters *dehors* the deed may be resorted to for repelling as well as founding a presumption of fraud. And see *Powell v. Heptinstall*, 79 N. C. 207.

In the case at bar the uncontradicted evidence shows that J. O. Cobb had the patent issued in the name of Henry C. Cobb to hold in trust for the other children of J. O. Cobb, and at least this imposed on him the moral duty of executing the trust. In 1 Moore on Fraudulent Conveyances, p. 295, it is said that a moral obligation to perform a duty to convey property is sufficient to sustain a conveyance of the property by a debtor as against the debtor's creditors. It is true that the author points out that there is a conflict in the authorities on this question, but in our opinion the weight of reason is with the doctrine as laid down in the text.

In the case at bar the petition does not allege that Henry C. Cobb was insolvent when he executed the deed to Mrs. McCaffrey. It is true that on November 1st execution on one of these judgments issued and was afterwards returned unsatisfied. In order to reach property voluntarily conveyed in fraud of creditors, which is the allegation in this petition, it is essential that there be alleged and proved insolvency at the time the conveyance was made. In *Nevers v. Hack,* 138 Ind. 260, 37 N. E. 791, 46 Am. St. Rep. 380, it is held:

"In an action to set aside a fraudulent conveyance, it must be both alleged and proved, before the plaintiff can succeed, that at the time of the conveyance, and at the time the suit was brought, the debtor did not have enough property left, subject to execution, to pay his debts. The fact that insolvency exists at the time suit is brought to set aside a fraudulent conveyance does not raise the presumption that insolvency existed prior to that time, and does not extend the insolvency back to the time the conveyance was made."

In the case at bar the evidence shows that Henry C. Cobb held this land under a parol trust from his father,

for the benefit of himself and the four other children of his father; that on August 1, 1912, in the execution of this trust, he conveyed land to Mrs. McCaffrey, and there is no evidence that she knew of his pecuniary condition, and there is no contradiction of her testimony that she had no intention of committing any fraud when she took it; and that her brother's one-fifth was deeded to her to settle her interest in her father's estate, of which Henry C. Cobb was administrator. This being a case cognizable in equity under the former practice, we have carefully examined the evidence, and are satisfied that it sustains the finding of fact by the trial court.

Plaintiffs in error rely on Rev. Laws 1910, section 6673, which provides:

"Where an express trust is created in relation to real property, but is not contained or declared in the grant to the trustee, or in any instrument signed by him, and recorded in the same office with the grant to the trustee, such grant must be deemed absolute in favor of the subsequent creditors of trustee, not having notice of the trust, and in favor of the purchasers from such trustee without notice, and for a valuable consideration."

There can be no question but that, under the provisions of this statute, Henry C. Cobb held this land, as far as creditors are concerned, just as if there was no trust; and if there had been an allegation of insolvency in the petition, and proof that he was insolvent when the deed was made to Mrs. McCaffrey, the land would have been subject to his debts. But this statute does not make the trust property more liable for his debts than property he owns unincumbered with any trust. The burden of proving Henry C. Cobb's insolvency was on the plaintiffs in error, and if he was solvent when he made the deed to Mrs. Mc-

Caffrey, he had the undoubted right to fulfill the conditions of his trust, and creditors could not complain, because, if he was solvent, they are not injured.

Again, the evidence shows that, whatever might have been the intent of Henry C. Cobb, Mrs. McCaffrey did not participate in it, and whatever his intent was, it does not avoid the deed, if made to pay a *bona fide* debt, unless the creditor also has such fraudulent intent. *Reiger v. Davis,* 67 N. C. 185; *Stone v. Marshall,* 52 N. C. 300. And in *Lee v. Flannagan,* 29 N. C. 471, it is held that, where the loss of the creditor is the consequence of paying a just debt, the transaction is not fraudulent, in the absence of intent to defraud the creditor.

What we have said disposes of the action of the court in rejecting the evidence, offered by the plaintiffs in error, that before making the loan to Henry C. Cobb they investigated the records, and found a large amount of real estate in the name of Henry C. Cobb, with nothing to show that he held this land as trustee. If an allegation had been made in the petition, and evidence offered, that at the time the deed of August 1st was executed Henry C. Cobb was insolvent, a very different question would have been presented; but, in the absence of such allegation and evidence, there was no error in rejecting this evidence.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.