## FIRST NAT. BANK OF BARNSDALL v. LITTLE et al.

No. 16799—Opinion Filed Oct. 5, 1926.

(Syllabus.)

1. **Fraudulent Conveyances — Conveyance "Without Fair and Valuable Consideration" Void Irrespective of Fraudulent Intent or Insolvency of Grantor.**

Under the first part of section 5271, Comp. St. 1921, any conveyance of real estate, made without a fair and valuable consideration, is void as against all parties to whom the maker of the conveyance is indebted or under any legal liability. This is true regardless of whether or not the creditor has deduced his claim to judgment and irrespective of fraudulent intent or insolvency of the maker at the time of conveyance.

2. **Same—"Hindering, Delaying or Defrauding Creditor"—Insolvency of Debtor—Burden of Proof.**

In an action to set aside a conveyance of real estate, charged to be fraudulent as to creditors, based upon the latter portion of section 5271, Comp. St. 1921, it must be

both alleged and proved, before the deed will be set aside, that at the time the conveyance was made the debtor was insolvent.

Error from District Court, Osage County; C. H. Baskin, Assigned Judge.

Action by First National Bank of Barnsdall against G. R. Little and Mary E. Little. From an order sustaining demurrer of defendants to plaintiff's petition, plaintiff appeals. Reversed, with directions.

Wilson, Murphy & Duncan, for plaintiff in error.

Frank T. McCoy and A. M. Widdows, for defendants in error.

MASON, J. The plaintiff in error was plaintiff and the defendants in error were defendants in the trial court, and, for convenience, they will be designated herein as they there appeared.

The plaintiff bank commenced this action by filing its petition in the district court of Osage county, Okla., on December 14, 1924, wherein the following allegations were made, in substance:

That the plaintiff was a corporation engaged in the banking business at Barnsdall, Okla.; that the defendant G. R. Little was president and one of the directors of the Barnsdall National Bank of Barnsdall, Okla.; that on or about the 9th day of November, 1923, two national bank examiners examined the books and records of the latter bank and reported that certain shortages existed and ordered that said bank cease transacting business with its depositors and the public and be liquidated as provided by law, or that the assets of said bank be transferred to and its liabilities assumed by the plaintiff bank; that on or about November 12, 1923, for the purpose of preventing such forced liquidation, the plaintiff bank entered into an agreement with the Barnsdall National Bank, the defendant G. R. Little, and other officers and directors of the latter bank, by the terms and conditions of which it was agreed, in addition to other matters, that the plaintiff bank should receive all the assets of the said Barnsdall National Bank and assume all liabilities of said bank, except liability on the capital stock of the stockholders, and in consideration thereof the defendant G. R. Little and certain other officers of said bank, each for himself, warranted and guaranteed the collection and liquidation of certain notes, bonds, and other written evidences of debt within 60 days of November 12, 1923, the date of said agreement.

It is then alleged that they and each for himself promised and agreed that, in the event any of the said indebtedness should not be collected and liquidated within 60 days, they and each of them would receive said notes, bonds, and other written evidences of debt and pay the plaintiff bank for same its full face value. A list of said notes, bonds, etc., which aggregated approximately $27,833.98, was made a part of the agreement, and a copy of the agreement was attached to and made a part of the petition. Plaintiff then alleged that it had complied with its part of the agreement and had made diligent efforts to collect said indebtedness, but had not collected any part thereof; that the 60 days had expired, and that it had tendered said evidence of indebtedness to the defendant G. R. Little and demanded that he comply with said agreement, but that he had refused so to do; that, by reason of the failure of the defendant or any of the other parties to said agreement to comply therewith, defendant G. R. Little was indebted to the plaintiff in the sum of $27,833.98.

It was then alleged that the defendant Mary E. Little was, at all times mentioned in the petition, the wife of the defendant G. R. Little; that, at the time said agreement was entered into, the defendant G. R. Little was the owner of certain property situated in Osage county, which was described therein; that, on December 14, 1923, the defendant G. R. Little conveyed said property to the defendant Mary E. Little; that said transfer was made without consideration and for the purpose of and with the intent to hinder, delay, and defraud the creditors of the defendant G. R. Little, and in fraud upon the rights of the plaintiff; that said transfer was made with the intent and purpose of defeating the collection of the claims against G. R. Little above referred to.

It is then alleged that, other than said property, the said G. R. Little has no assets; that, unless said transfers are set aside, the plaintiff will lose its claim.

Plaintiff prayed judgment canceling and setting aside said conveyance from G. R. Little to Mary E. Littlle.

The defendants filed their demurrer to the petition of the plaintiff, based upon all the statutory grounds, which was sustained by the trial court. The plaintiff elected to stand upon its original petition and refused to plead further, whereupon the court dismissed said action and rendered judgment for the defendants, from which the plaintiff has duly perfected its appeal to this court. The only question presented on ap-

peal is whether or not the petition of the plaintiff states a cause of action.

The journal entry of the trial court does not disclose upon what theory the trial court sustained the defendants' demurrer to the plaintiff's petition. The plaintiff in error contends that the trial court sustained said demurrer because the petition did not contain an allegation that the plaintiff had reduced its claim against the defendant to judgment. If that were the only question presented, we would be forced to reverse the action of the trial court, by reason of the rule announced by this court in the case of Adams v. Wallace, 94 Okla. 73, 220 Pac. 872, as follows:

"In an action to set aside an alleged fraudulent conveyance of real property, a petition which states in general terms the existence of a demand for $25,000, owing by defendant to plaintiff, will be sustained against a general demurrer and motion to dismiss, although the petition fails to state the exact character and nature of the demand alleged to be owing.

"The statutes against fraudulent conveyances should be liberally construed, so as to include within their protection all persons who have interests and demands of which they may be defrauded."

In the body of the opinion, the court uses this language:

"The contention of defendants that a creditor's suit may not be maintained in advance .of a judgment is, we think, untenable."

The defendants in error do not set out upon what grounds the demurrer was sustained by the trial court, but it is their contention that the same was properly sustained because the plaintiff failed to allege that the defendant G. R. Little was insolvent at the time he transferred his real estate to his wife, Mary E. Little. In support of this theory they cite Oklahoma National Bank v. Cobb, 52 Okla. 654, 153 Pac. 134; Culp v. Trent, 99 Okla. 112, 226 Pac. 348; State ex rel. Motherscad, Bank Commissioner, v. Mobley, 112 Okla. 152, 241 Pac. 155, wherein the following rule is announced:

"In an action to set aside a deed charged to be fraudulent as to creditors. it must be both alleged and proved, before the deed can be set aside, that at the time the conveyance was made the debtor was insolvent, and the fact that the insolvency exists at the time suit is brought does not raise the presumption that the debtor was insolvent some months prior to that time."

This, undoubtedly, is the well-established common-law doctrine, as, under the common law, a conveyance by a debtor of his property was not void unless made with the intent to hinder, delay, and defraud his creditors, and insolvency of the debtor under such doctrine was an element in proving and establishing the fraudulent intent of the grantor to hinder, delay, and defraud his creditors. In other words, if the debtor retained sufficient property, after making said conveyance, to protect his creditors, they would not be heard to complain of said conveyance, as they could not be damaged thereby.

In this state, however, we are not limited to the common-law rule, by reason of the first part of section 5271, Comp. St. 1921 (section 1174, R. L. 1910), which provides:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

In discussing this subject, the following language is used in 27 Corpus Juris, 554:

"In some jurisdictions the question has been the subject of express statutory enactment, some of which statutes make a voluntary conveyance always fraudulent as to existing creditors, irrespective of any fraudulent intent. The law will not permit an inquiry as to the intent of the parties, or the circumstances of the party conveying or the amount conveyed or give these matters any weight or influence."

In support of such rule, the case of Ward v. Wiggins, 73 Okla. 46, 174 Pac. 231, is cited, wherein this court, in construing said section, announced the following rule:

"Under the first part of section 1174, R. L. 1910, any conveyance of real estate made without a fair and valuable consideration is void as against all parties to whom the maker of the conveyance is at the time indebted or under any legal liability, irrespective of the question of fraudulent intent."

In the body of the opinion, the court, in commenting on said section, divides it into two parts and says:

"It will be observed that such section provides that a conveyance of real estate 'without a fair and valuable consideration' is void as to creditors."

The opinion then holds that such a conveyance is likewise void "if made in bad faith or for the purpose of defrauding creditors." It then recites that if the defend-

ant were indebted to the plaintiff at the time the transfer was made, and if the conveyance were made "without a fair and valuable consideration," the same was void as to the plaintiff. It then holds that this is true whether or not the same was made in bad faith or for the purpose of hindering, delaying, and defrauding creditors.

It is apparent that the same would also be true regardless of whether or not the debtor were insolvent at the time of the conveyance.

The first part of the section applies to conveyances made without a fair and valuable consideration, and the latter part refers to conveyances of real estate made in bad faith or for the purpose of hindering, delaying, or defrauding creditors and, therefore reannounces the common-law doctrine. In an action to set aside a conveyance charged to be fraudulent as to creditors, based upon the latter part of said section, the plaintiff has the burden of both alleging and proving insolvency of the debtor at the time the conveyance was made.

The cases above referred to and relied upon by the defendants in error do not refer to the statutes, but it is apparent that they were not decided under the first portion of said section, but under the latter portion, which refers to proceedings to set aside a deed charged to be fraudulent as to creditors.

In the case of National Bank v. Cobb, supra, relied on by the defendants in error, want of consideration was alleged in the petition, but there was a failure of proof upon that allegation, and the court found that there was a consideration for the deed. After that allegation had been disposed of adversely to the plaintiff, the only matter left to stand on was the question of intent to hinder, delay, and defraud creditors, and hence the failure to allege insolvency was fatal.

In Culp v. Trent, supra, and State ex rel. Mothersead, Bank Commissioner, v. Mobley, supra, the proof did not bring them within the first portion of section 5271, supra, for the reason that the conveyances were made for a fair consideration.

In the instant case, plaintiff alleges that the conveyance complained of was made without consideration and, therefore, the case falls within the first part of section 5271, supra, and the plaintiff did not have the burden of pleading insolvency of the defendant G. R. Little at the time said conveyance was made.

We must conclude that the learned trial court erred in sustaining the demurrer to the plaintiff's petition and in dismissing the cause, and the same is reversed and the cause remanded to the district court of Osage county, with instructions to reinstate the same and overrule the defendants' demurrer to the plaintiff's petition.

NICHOLSON, C. J., BRANSON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 27 C. J. pp. 554, 555, 555 (Anno), §256—257. (2) 27 C. J. p. 521, §197 (Anno) ; p. 770, §674; p. 796, §724.