## SHULER v. OLD HONESTY OIL CO.*

Circuit Court of Appeals, Eighth Circuit.
April 12, 1927.

No. 7496.

1. Fraudulent conveyances ⬉⟹272—Judgment creditor has burden of proving insolvency when conveyance was made.

Judgment creditor has burden of proving that debtor was insolvent when he made a conveyance, in a suit to set it aside as fraudulent.

*Rehearing denied June 30, 1927.

2. Fraudulent conveyances ⬉⟹95(2)—Conveyance by solvent husband to wife, in consideration of dismissal of divorce suit, held valid.

Under the law of Oklahoma, conveyance of property by husband to wife when he is solvent after the conveyance in consideration of her dismissal of a pending divorce suit, is based on a valuable consideration and valid.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Action at law by the Old Honesty Oil Company against Isaac Shuler. On petition for discovery of assets, after judgment, in which Clara B. Shuler, defendant's wife, was joined, there was an order subjecting property of Clara B. Shuler to the judgment, and she brings error. Reversed, with directions.

For opinion below, see 11 F.(2d) 176.

John A. Haver, of Tulsa, Okl. (H. W. Randolph, Randolph Shirk, and Richard K. Bridges, all of Tulsa, Okl., on the brief), for plaintiff in error.

F. E. Riddle, of Tulsa, Okl. (Dolle, O'Donnell, Geisler & Cash, of Cincinnati, Ohio, on the brief), for defendant in error.

Before LEWIS and KENYON, Circuit Judges, and TRIEBER, District Judge.

LEWIS, Circuit Judge. This record presents for consideration claimed errors in disposing of a supplemental petition brought for the discovery of assets of a judgment debtor. The debtor is Isaac Shuler and plaintiff in error is his wife. The defendant in error is the judgment creditor. An action was brought by the defendant in error against Isaac Shuler in March, 1921, to recover damages for breach of contract, and judgment was recovered in that action against Shuler in April, 1924, in the sum of $11,895. At the time that action was instituted, and for several years theretofore, Shuler was and had been engaged in the oil business in Oklahoma as a producer and had been successful. He had, however, become greatly addicted to the use of intoxicants, and the relation between himself and his wife, on account of his habits and his treatment of her had become unhappy and strained. She claimed that he was abusive of her, that he was squandering his property and was consorting with lewd women. She brought suit for divorce in April, 1921, asked that a receiver be appointed to take over his property and preserve it pending her suit, that he be enjoined from coming into or about the home, from selling, assigning or transferring any of his property, and that she be allowed to share therein for her maintenance

and support. The suit seems to have brought Shuler to a realization of the folly of his waywardness. He was repentent and sought reconciliation with his wife. Of course she was forgiving, as are all women, but she insisted on a property settlement as a condition of dismissing her action. This resulted in a conveyance by Shuler to his wife of their home in Tulsa, valued at about $75,000, also other properties of an estimated value of $125,000. Thereupon the marital relation was resumed, Shuler abandoned his reckless and profligate habits and wholly desisted from the use of intoxicants up to the time of the hearing below in 1926. He again became attentive to business, which consisted in looking after his oil interests and the sinking of wells in the oil fields. He apparently had large interests of that kind. His credit at banks was good after the settlement with his wife and he borrowed money without giving security. He was then indebted about $100,000, but he had some $60,000 in government bonds, in addition to his oil interests. Witnesses from two or more banks in Tulsa testified that at the time he made settlement with his wife he was estimated as worth $1,000,000. The properties that he retained are stated in the record. We have no doubt from the testimony that the properties which he retained greatly exceeded in value at the time of the settlement all his indebtedness, including that to the defendant in error, which afterwards went into judgment. Three years elapsed between the settlement and the recovery of judgment by defendant in error, and during that time Shuler seems to have sustained repeated losses. Wells which he drilled proved to be dry holes, and property which was considered of great value, in which he had large interests, depreciated. The result was that when the defendant in error recovered judgment and sought to realize on execution nothing could be found belonging to Shuler out of which the debt could be made. Thereupon a petition for discovery of his assets was filed in the law action. Testimony was taken for several days. Then defendant in error filed an amended petition for discovery in which it joined Shuler's wife, plaintiff in error, and it was claimed that the property which he conveyed to her in settlement of the divorce action was without consideration and with intent between him and his wife to hinder and defraud his creditors. The testimony was taken before a master, and he recommended that the petition be dismissed. On exceptions to his report it was set aside, and the court took further evidence, at the conclusion of which the court rendered an opinion wherein it found that Shuler at the

time of the settlement with his wife was indebted to various parties in the approximate sum of $100,000, that the homestead conveyed to her was of the approximate value of $75,000, and the other property conveyed to her of the approximate value of $125,000, and that the property retained by Shuler consisted largely of interests in oil companies of speculative value, that he had no property in his own name at the time of the hearing subject to execution and of sufficient value to satisfy the judgment, that the effect of the conveyances to his wife was to hinder, delay and defraud his creditors, that the homestead was not subject to execution in any event, that shortly after the settlement with his wife she gave her husband power of attorney to manage the other property conveyed to her for her and deeded some of it to him in trust, to operate in her interest, allowing him a percentage of the profits thereof, and that in view of these facts and conclusions the court found that the property conveyed to his wife in April, 1921, except the homestead, could be taken in payment of the execution.

[1, 2] It is claimed in behalf of plaintiff in error that the findings of the court on the facts are not sustained by the evidence and that the court failed to apply controlling principles of law to the proof in the case. Our conclusions are that both points are well taken. We think the far greater weight of the proof requires the conclusion that Shuler was solvent after he conveyed the homestead and other properties to his wife. He retained more than enough to discharge his indebtedness at that time. The burden was on the judgment creditor to show that he was then insolvent, and the proof was the other way. Being solvent at the time the conveyances were made to his wife, even if they had been without any consideration, they were valid and not subject to attack as being fraudulent by his then creditors. Oklahoma National Bank v. Cobb, 52 Okl. 654, 153 P. 134. But the conveyances were not without good consideration. The Oklahoma statute, 1921, and the decisions of the Supreme Court of that state permit and hold that a conveyance from one spouse to the other under facts like those in this case is based on a valuable consideration. Howell v. Howell, 42 Okl. 286, 141 P. 412. The parties made a contract of reconciliation, not of separation—and this seems to be the rule in other states, as shown by the citations in Bowden v. Bowden, 175 Cal. 711, 167 P. 154, L. R. A. 1918A, 380, a California case. The property conveyed to the wife being based upon a good or valuable consideration, Isaac Shuler being at the time and after said conveyances to his

wife still solvent, and the evidence being not sufficient, as we think it was not, to sustain the finding that they were made with intent to hinder and defraud creditors, we conclude that the court erred in holding that the property conveyed to the wife could be taken for payment of the judgment. It is the rule in Oklahoma that the husband and wife may contract with each other, and we see no reason for criticism in the fact that Mrs. Shuler made her husband her attorney in fact, and also agreed with him to allow him a part of the profits for looking after her interests in some of the property. It was her property, and she was free to deal with it as any other owner might do. We think the judgment should be reversed with directions to enter a finding that Mrs. Shuler's property cannot be taken in satisfaction of the judgment.

It is so ordered.