### LEVINSON v. GLIDDEN et al.

No. 22361.   Nov. 27, 1934.

N. E. McNeill and F. H. Reily, for plaintiff in error.

F. E. Riddle, for defendants in error.

PER CURIAM. This is an appeal from a judgment in an action to set aside and have declared void certain real estate conveyances made by Mary A. Brockman to H. P. Glidden.

In 1925, Mary A. Brockman was the owner of certain real estate in Tulsa, described as lot 3 and the south 30 feet of lot 2, block 180, original town site of Tulsa, upon which date the south 62 feet of lot 3, block 180, was improved with a five-story brick apartment operated by defendant Mary A. Brockman; that during the years 1926 and 1927, said Mary A. Brockman began the erection of a five-story building on the north 38 feet of lot 3, and the south 30 feet of lot 2, in block 180, and was unable to finish the same because of lack of funds; that during said time she had become indebted to H. P. Glidden for cash advanced in total sums exceeding $100,000; that in the month of May, 1926, she sold to defendant H. P. Glidden the apartment building known as the Mary Brockman, and the real estate upon which the same is situated, for the sum of $201,000; that Glidden assumed a mortgage of $125,000, canceled her indebtedness to him of $66,000, and paid taxes and other indebtedness against the property in the sum of $10,000; that, in February, 1927, she sold Glidden the north part of the lot adjoining the other property with the apartment in course of construction thereon, for a consideration of $237,900, which was paid by the assumption of the indebtedness secured by a mortgage lien of $105,000, and by cancellation of additional indebtedness due and owing to Glidden by her in the sum of $18,500, and by Glidden agreeing to assume other indebtedness either creating liens against the property, or which would in course of time become liens, in the sum of $46,500 and the additional sum of $21,400, the amount advanced by Glidden to finish the construction of the building, and in addition Glidden paid her $1,500 in cash, making a total consideration of $438,900, for all of the properties so conveyed and sought to be set aside by the plaintiff in error in her petition.

In 1925, defendant Mary A. Brockman purchased some acreage in Florida, from the plaintiff in error, Nettie Levinson, agreeing to pay therefor the sum of $102,500, upon which she paid $32,000 in cash and an additional payment of $10,000, and executed her notes in the aggregate sum of $60,000; that at about the same time Mary A. Brockman purchased from Emery & Hall a business lot and other property in Florida, for which she agreed to pay $100,000. That she paid cash and subsequent additional payments equalling about one-half of the purchase price; that, in June, 1928, judgment was rendered in favor of Emery & Hall in the sum of $59,000; that on the 28th day of February, 1929, plaintiff in error, Nettie Levinson, recovered judgment against the defendant Mary A. Brockman in the sum of $60,706.54.

That after the transfer of the Tulsa real estate by defendant in error Brockman to defendant in error Glidden, a corporation was organized with capital stock of $100,000, 98 shares of which was taken by H. P. Glidden, one share by Mary A. Brockman, who was made secretary-treasurer of the corporation, and one share by J. C. Stephenson, and that thereafter the property was known as the "Tulsa Apartments."

That prior to the organization of the corporation and the transfer of the property to it, Mary A. Brockman was employed to collect the rents and superintend the apartments at an agreed salary of $250 per month. That for a limited time thereafter the cash income from the property was deposited in the bank in the name of Mary A. Brockman, but later the account was carried in the name of the Tulsa Apartments.

That at the time the conveyances complained of were made, defendant Mary A. Brockman, finding the loan on the new apartment property insufficient to complete the same, and the parties holding the loan insisting on additional security, Glidden stepped in and advanced additional cash to finish the apartment under construction and clear up all the indebtedness, but, as a condition to the assumption of the debts and advancement of additional money to complete the apartment, required defendant Mary A. Brockman to deed the property to him, and by the transaction taking care only of the mortgage liens and indebtedness which might become liens against the property, and which in no wise preferred any creditors except those concerned in the development of the property.

Plaintiff in error in her petition alleges the sale and transfer of the real estate to Glidden was fraudulent and void and made for the purpose of hindering and delaying plaintiff and other creditors of the said Mary A. Brockman.

The case was tried to the court, and upon completion of the testimony upon the part of both parties, the court sustained the demurrer of defendants in error, finding for them, and dismissing the plaintiff in error's petition.

Section 9697, O. S. 1931, provides:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

It will be seen by analyzing the language of this section that it contains three different conditions, striking down any and all conveyances coming within either of the three conditions:

(1) Conveyances made without a fair and valuable consideration:

(2) Conveyances made in bad faith;

(3) Conveyances made for the purpose of hindering, delaying or defrauding creditors.

The preponderance of evidence in the record supports defendant in error's contention that the conveyances were made for a fair and valuable consideration; that they were not made in bad faith. The question, therefore, to be determined is, Were the conveyances made while Mary A. Brockman was insolvent and for the purpose of hindering, delaying, or defrauding her creditors?

Counsel for plaintiff in error in their brief say: "She (Mary A. Brockman) retained and had left approximately $50,000 worth of property." We take it they meant to say that in addition to the property conveyed in the conveyance complained of, she had no more than $50,000 worth of property in Oklahoma. But counsel overlook the fact that she testified that, at the time she made the conveyances, she owned this Florida property that she had purchased and for which judgment had been obtained, and that her equity in these properties was reasonably worth $200,000, and that she owned in Oklahoma and Florida properties in which she had equities of at least $250,000. The record does not disclose whether plaintiff in

error and Emery & Hall had made any effort to reach the equities in these properties in Florida. The reasonable assumption is that they did not do so; that while the indebtedness was incurred for the Florida property, an attempt was being made to collect out of Oklahoma property.

The courts will not strike down conveyances upon presumption or suspicion of insolvency and fraud, but these facts must be clearly established in the record by substantial testimony, and it must appear affirmatively to a reasonable certainty that the party at the time was insolvent or that the conveyance was made with intent in fact to defraud. First National Bank v. Little, 122 Okla. 37, 250 P. 799; Swan v. Bailey, 71 Okla. 30, 174 P. 1065.

In Culp v. Trent, 99 Okla. 112, 226 P. 348, it is said:

"In an action to set aside a deed charged to be fraudulent as to creditors, it must be both alleged and proved, before the deed will be set aside, that at the time the conveyance was made the debtor was insolvent, and the fact that the insolvency exists at the time suit is brought does not raise the presumption that the debtor was insolvent some months prior to that time. * *. *

"Intent to defraud is never presumed, but he who alleges such intent must prove it."

Under these authorities the burden of proof was upon the plaintiff in this case to establish by the preponderance of the evidence that the debtor, Mary A. Brockman, was insolvent at the time the conveyances in question were made, or that the same were fraudulent and made with intent to hinder and delay her creditors.

Instead of plaintiff establishing her contention that Mary A. Brockman was insolvent at the time the transfers complained of were made, it appears from the undisputed testimony of defendants that she was solvent, and that she retained property in value almost twice the amount of the additional indebtedness owing by her at the time.

Counsel must have had in mind the economic condition and the values of property on the date of writing the brief, when they undertake to assume that Mary A. Brockman was insolvent. At that date it might be reasonably assumed that anyone was insolvent who owed sums similar to those owed by Mary A. Brockman, because properties have not only shrunk from their supposed values of 1925 and 1926, but have descended to a value below that to be placed on a sound economic basis. But this court must determine this question on the dates of May, 1926, and February, 1927, when the conveyances were made, and not upon conditions as they existed at the time the brief was prepared and filed, or even now.

Under the circumstances as disclosed by the evidence in the case, the trial court was fully justified in sustaining the demurrer to plaintiff in error's evidence and in finding for the defendants.

The case is therefore affirmed.

The Supreme Court acknowledges the aid of Judge Will H. Chappell, who assisted in the preparation of this opinion. The Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by the court.