## W. T. RAWLEIGH CO. v. GROSECLOSE et al.

No. 25919.   Oct. 15, 1935.

R. E. Bowling, for plaintiff in error.

Hays Dillard, J. L. Vertrees, and E. B. Anderson, for defendants in error.

PHELPS, J.   This is an action wherein plaintiff in error (plaintiff below) sought to set aside conveyances of the principal defendant (grantor), to his codefendants (grantees), as being void in fraud of creditors of said principal defendant. The plaintiff appeals from the judgment of the trial court sustaining demurrers to the evidence, interposed by all of the defendants.

The principal defendant, M. C. Groseclose, was indebted to the plaintiff company on a note. The plaintiff filed suit against him, for the collection of said note, on January 22, 1931. The conveyances herein involved were made after that suit was filed, and before it went to final judgment.

On September 15, 1931, the above-mentioned action being pending, M. C. Groseclose, the defendant in that action, conveyed to his wife five lots in Huffman addition in the city of Waurika. These were the residence and homestead of the parties. On the same date he made another deed to his wife, conveying two lots in another addition. The consideration stated in the first deed was $2,500, and, in the second deed, $2,000. Both deeds were recorded at 10 a. m. on the day of their execution.

On the same day, September 15, 1931, the defendant M. C. Groseclose, by a bill of sale to his son, Myron Groseclose, conveyed to said son one 35,000 bushels capacity elevator, one set of coal bins, 16 x 40 feet, and one "stock of merchandise, consisting of oats, wheat, corn, mill feeds, flour and coal, all of the above property located on railway right-of-way lease, about 400 feet south of the C., R. I. & P. freight depot." The consideration stated in said bill of sale was $7,000. It was recorded on the day of its execution.

On November 6, 1931, M. C. Groseclose conveyed to his wife, by deed, a quarter section of land, the consideration named in the deed being "ten or more dollars in hand paid," and, interlined, "and the exchange of other lands." This deed was recorded on the day of its execution.

Thereafter, on April 18, 1932, the plaintiff obtained judgment in the action on the promissory note, and had an execution issued on the judgment, which execution was returned "No property found."

On July 9, 1932, after the judgment on the note, the defendant M. C. Groseclose and

his wife mortgaged the aforesaid quarter section of land to Floyd Miller, a banker of Waurika. The consideration stated in the mortgage was $700.

In this action to set aside those conveyances as being in fraud of creditors, the plaintiff named M. C. Groseclose and his wife, his son Myron, and Floyd Miller as defendants. The plaintiff introduced in evidence the foregoing deeds, bill of sale and mortgage, and also the files in the case wherein plaintiff had obtained judgment on the note, including evidence of the date of the filing of the action, and the obtaining of judgment, and rested. The trial court then sustained all of the defendants' separate demurrers to the evidence.

An examination of the pleadings reveals that the consideration for the two deeds to the wife, dated September 15, 1931, was not the $2,500 and the $2,000 named in the deeds, respectively, but that, according to the answers of the defendants, said consideration was the payment of a past indebtedness to the wife of "the greater part of" $10,300 which the wife had advanced to her husband out of her separate estate. The consideration named in the bill of sale to the son, Myron, covering the elevator, coal bins, and stock of merchandise was $7,000, but in the answer filed by M. C. Groseclose and the son they stated that the consideration was for the payment of a past indebtedness of M. C. Groseclose to the son, as follows:

"That for a considerable time prior to September 15, 1931, M. C. Groseclose had borrowed considerable sum of money from Myron Groseclose."

The consideration stated in the deed to the wife covering the quarter section of land, dated November 6, 1931, was:

"Ten and more dollars in hand paid, and the exchange of other lands."

In the answers of these two defendants they described such "exchange of other lands" as the "conveyance by the wife to the husband of certain real estate in Huffman addition, of which she was the owner." The record does not reflect whether this was the same property in Huffman addition which he had conveyed to her on September 15, 1931. The consideration stated in the mortgage to Floyd Miller was $700, but in the amended answer of Floyd Miller the consideration is stated to be $500.

In any event, and however the matter may be looked at, the conveyance of the homestead could not be attacked, and so we may as well eliminate consideration of it at the beginning. A conveyance of a homestead, even though made without consideration and with intent to defraud creditors, is valid against attacking creditors. Japp v. Sapulpa State Bank, 90 Okla. 56, 215 P. 1059; First Nat. Bank v. Coates, 65 Okla. 94, 163 P. 714; Kershaw v. Willey, 22 Okla. 677, 98 P. 908.

Likewise, the mortgage of Floyd Miller may not be attacked by a general creditor. The mortgaged land had previously been conveyed to the wife, and the deed recorded. Assuming, for the purpose of reasoning, that the wife was a fraudulent grantee, nevertheless Miller was an innocent mortgagee of said fraudulent grantee, with no notice of infirmity in the title. In the absence of actual notice, a subsequent purchaser or mortgagee is not chargeable with notice of the fraud inherent in the fraudulent grantee's recorded conveyance, nor by the fact that he had knowledge of the indebtedness of the original grantor. 27 C. J. 694, 697; Vacuum Oil Co. v. Quigg, 127 Okla. 61, 259 P. 858; 12 R. C. L. 607. By reason of the principle hereinafter discussed, it is unnecessary to consider the significance of the fact that the husband joined in the execution of this mortgage with the wife.

This leaves for consideration the deed to the wife covering the two lots in Waurika, the bill of sale to the son, and the deed to the wife of November 6, 1931, conveying the quarter section of land.

The "badges of fraud," as they are called, reasonably inferable from the evidence herein, would probably be of sufficient evidentiary value to withstand a demurrer to the evidence if the plaintiff had offered any evidence of insolvency of the grantor at the time of the conveyances. On a demurrer to the evidence we must consider every reasonable inference in favor of the plaintiff. Intent must almost always be proven by circumstantial evidence, and it is for this reason, and because the means of knowing the true facts are in the possession of the adverse party, that courts permit a somewhat wider latitude of inferences favorable to the plaintiff than is permitted in the ordinary case. The inquiry may extend to all circumstances bearing on the question. Wimberly v. Winstock, 46 Okla. 645, 149 P. 238; First Nat. Bank v. Sparks, 118 Okla. 45, 246 P. 638. While no one of the following indicia of fraud may be sufficient to support a finding of fraudulent intent, it is certain that their combined weight and effect would constitute evidence sufficient in strength for that purpose: (a) The pendency of suit at the

time of conveyance; (b) wholesale divestment of title to considerable property to different grantees on the same date; (c) near relationship of the grantees to the grantor; (d) haste in recording; (e) that said conveyances were "transactions not in the usual course or mode of doing business"; (f) false statements as to consideration; (g) retention of possession of the conveyed property. See 27 C. J. 484 to 496.

If we should indulge a presumption of fraud, on the strength of the combined effect of the foregoing indicia thereof, it is nevertheless the law of this state that an element necessary to the setting aside of such conveyances is proof of insolvency of grantor at the time of the transfers. Even though sections 9697 and 10007, O. S. 1931, prescribing the remedies of creditors against fraudulent transfers by the debtor, do not so provide, it appears to be the law in this state that in an action to set aside a deed as in fraud of creditors, it must be shown that the debtor was insolvent when the conveyance was made, and that it is insufficient to merely show him insolvent several months later, or when the suit to set aside said conveyance was brought, or afterward. Oklahoma Nat. Bank v. Cobb, 52 Okla. 654, 153 P. 134; Culp v. Trent, 99 Okla. 112, 226 P. 348; Levinson v. Glidden, 169 Okla. 546, 37 P. (2d) 924. This principle applies only to those cases where the fraud which is relied upon is other than a conveyance without fair and valuable consideration, and if the fraud relied upon is the absence of a fair and valuable consideration, the solvency or insolvency of the grantor is immaterial. First Nat. Bank v. Little, 122 Okla. 37, 250 P. 799.

Heretofore, and especially in Vacuum Oil Co. v. Quigg, supra, this court has held that our statutory provisions on this question do not abrogate the common-law doctrine that insolvency of the debtor must be proved by the plaintiff, because if the debtor retained sufficient property to protect his creditors after making the conveyance, said creditors could not be heard to complain of the conveyance, as they could not be damaged thereby.

The plaintiff offered no evidence whatsoever, either direct or circumstantial, tending to prove that the conveyances rendered the grantor-debtor insolvent.

The judgment is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.